■ In the Matter of JEROME MARCEL T., JR. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEMETRIA W., Appellant. (Proceeding No. 1.) In the Matter of JAMES DEVON P., JR. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; DEMETRIA W., Appellant. (Proceeding No. 2.) In the Matter of SHANEQUA ROMELLE E. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEMETRIA W., Appellant. (Proceeding No. 3.) [812 NYS2d 892]—In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from three orders of fact-finding and disposition (one as to each child) of the Family Court, Westchester County (Morales-Horowitz, J.), all dated September 7, 2004, which, upon her consent to findings of permanent neglect and after a dispositional hearing (R. Bellantoni, J.), found that she had permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption.

Ordered that the appeals from so much of the orders of fact-finding and disposition as found that the mother permanently neglected the subject children are dismissed, without costs or disbursements; and it is further,

Ordered that the orders are affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the orders of fact-finding and disposition as found that the mother permanently neglected the subject children must be dismissed, as those portions of the orders were entered on her consent. No appeal lies from an order entered on the consent of the appealing party (*see Matter of Kristina R.,* 21 AD3d 560 [2005], *lv denied* 5 NY3d 717 [2005]; *Matter of Justin L.,* 258 AD2d 934 [1999]; *Matter of Commissioner of Social Servs. of City of N.Y. [Cherry McC.],* 202 AD2d 502 [1994]).

The evidence adduced at the dispositional hearing supported the Family Court's determination that termination of the mother's parental rights was in the best interests of the children (*see* Social Services Law § 384-b [1] [b]; [4] [d]; Family Ct Act § 631; *Matter of Michael B.,* 80 NY2d 299 [1992]; *Matter of Star Leslie W.,* 63 NY2d 136, 147-148 [1984]; *Matter of Tiffany A.,* 242 AD2d 709 [1997]). Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.