■ In the Matter of CHEYENNE QQ. and Others, Children Alleged to be Neglected. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA RR., Appellant. [830 NYS2d 600]— Lahtinen, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered November 10, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Petitioner commenced this proceeding alleging neglect and excessive punishment of respondent's four daughters (born between 1989 and 1995) by respondent and her paramour. The detailed petition alleged, among other things, that forms of punishment used on the children included requiring them to eat their meals and go to the bathroom in the woods outside the home (including in winter and regardless of weather conditions), making them sleep on a cement basement floor, and shooting at the children with a BB gun. At the commencement of the fact-finding hearing, respondent consented (without admitting any specific allegations) to a finding that she had neglected her children. Family Court, among other things, temporarily placed two of the children in petitioner's care pending a permanency hearing scheduled for February 2006. Respondent appeals asserting that Family Court failed to adequately warn her of the potential consequences of her consent.

The appeal is dismissed since it is "from an order entered

upon consent and no appeal lies from such an order" (*Matter of Forbus v Stolfi*, 300 AD2d 852, 852 [2002], *lv dismissed* 99 NY2d 642 [2003]; *see Matter of Jerome Marcel T.*, 28 AD3d 780, 781 [2006]; *Matter of John I.*, 6 AD3d 991, 991-992 [2004], *lv denied* 3 NY3d 602 [2004]). Respondent's challenge to the sufficiency of Family Court's notice of consequences should have been pursued by motion to vacate in that court (*see* Family Ct Act § 1051 [f]; *cf. Matter of Jeffrey X.*, 283 AD2d 687, 688 [2001]). Were we to address the merits, we would find respondent's argument unavailing. Moreover, we note that, while not in the record, petitioner states in its brief (and respondent does not contest) that the matter is now moot since two permanency hearings (one resolved by consent and the other contested) have been conducted.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the appeal is dismissed, without costs.