■ In the Matter of FANTASIA Y. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; JEFFREY Y., Appellant. [846 NYS2d 474]— Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered December 14, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

In October 2006, this neglect proceeding was commenced against respondent based on allegations that he had failed to take all necessary steps to obtain lifesaving medical treatment for his youngest daughter, who was then suffering from end stage liver disease and in dire need of a transplant. He thereafter, with the advice of counsel, consented to a finding of neglect with respect to all of his children pursuant to Family Ct Act § 1051. Family Court then entered a fact-finding and dispositional order which, as relevant here, adjudicated the children to be neglected. Respondent now appeals.

This appeal must be dismissed since it is well settled that no appeal lies from an order entered on consent (*see e.g. Matter of Monica T.*, 44 AD3d 1136, 1137 [2007]; *Matter of Cheyenne QQ.*, 39 AD3d 1044, 1045 [2007]; *Matter of Cheyenne QQ.*, 37 AD3d 977, 977-978 [2007]; *Matter of Elijah Q.*, 36 AD3d 974, 975 [2007], *lv denied* 8 NY3d 809 [2007]; *Matter of Dawn N.*, 4 AD3d 634, 635 [2004], *lv dismissed* 2 NY3d 786 [2004]). Respondent's argument that his consent was not knowing, intelligent or voluntary should have been pursued in a motion to vacate the order (*see* Family Ct Act § 1051 [f]; § 1061; *Matter of Cheyenne QQ.*, 37 AD3d at 978). Even if we were to consider the argument, we would find it to be patently without merit since the record reveals that, prior to permitting respondent to consent to the finding of neglect, Family Court engaged in a thorough colloquy with him to ensure that he understood the legal effect and consequences of his consent and that such consent was knowingly and voluntarily given (*see* Family Ct Act § 1051 [f]; *see also Matter of Jonathan LL.*, 294 AD2d 752, 753 [2002]).

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.