In the Matter of BABY GIRL M., a Child Alleged to be Severely Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KWAME M. et al., Appellants. (Proceeding No. 1.) In the Matter of ZIONIAH M., a Child Alleged to be Severely Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KWAME M. et al., Appellants. (Proceeding No. 2.) In the Matter of QUEEN-ADISA M., a Child Alleged to be Severely Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KWAME M. et al., Appellants. (Proceeding No. 3.) [849 NYS2d 908]—In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals, and the mother separately appeals, from an order of disposition of the Family Court, Queens County (Richroath, J.), dated November 28, 2006, which, upon a fact-finding order of the same court dated June 22, 2006, made after a hearing, finding that they each had severely abused the child Queen-Adisa M. and derivatively severely abused the child Zioniah M., and upon an order of the same court dated November 14, 2006, which, inter alia, upon the motion of the Administration for Children's Services, found derivative severe abuse of the child Baby Girl M., among other things, placed the children, upon consent, in the custody of the Commissioner of Social Services until the completion of the next permanency hearing. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as placed the children in the custody of the Commissioner of Social Services until the next permanency hearing is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the consent of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the father's contention, the evidence adduced at the fact-finding hearing supports, by clear and convincing evidence, the Family Court's finding as to the father's severe abuse pursuant to Social Services Law § 384-b (8) (a).

The father's remaining contention that it would be in the children's best interest to be returned to his custody has not been considered since the father consented to the placement of the children in the care of the Commissioner of Social Services (*see* CPLR 5511; *Matter of Jonathan G.,* 278 AD2d 324 [2000]).

The mother was not deprived of the effective assistance of counsel (*see Matter of Jonathan LL.,* 294 AD2d 752 [2002]). Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.