■ In the Matter of BRIAN R., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE R., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JOSE M., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE R., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of LEIDY M., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE R., Appellant, et al., Respondent.

(Proceeding No. 3.) In the Matter of ZURIDAY M., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE R., Appellant, et al., Respondent. (Proceeding No. 4.) [852 NYS2d 235]—In four related child abuse and neglect proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Westchester County (Klein, J.), entered September 20, 2006, which, upon a fact-finding order of the same court entered December 16, 2005, made after a hearing, finding that he had neglected the subject children, released the children, upon consent, to the custody of the mother under the supervision of the Westchester County Department of Social Services for a period of one year.

Ordered that the appeal from so much of the order of disposition as released the subject children, upon consent, to the custody of the mother under the supervision of the Westchester County Department of Social Services for a period of one year is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the subject children, upon consent, to the custody of the mother under the supervision of the Westchester County Department of Social Services for a period of one year must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Angelique L., 42 AD3d 569, 571 [2007]; Matter of Jerome Marcel T., 28 AD3d 780, 781 [2006]). Moreover, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (see Matter of Derek P., 43 AD3d 938 [2007]; Matter of Angelique L., 42 AD3d at 571).

However, since the adjudication of neglect "constitutes a permanent and significant stigma which might indirectly affect the [father's] status in future proceedings" (Matter of Jason Brian B., 33 AD3d 995 [2006]), the appeal from the portion of the order of disposition which brings up for review the finding of neglect is not academic (see Matter of Daqwuan G., 29 AD3d 694, 695 [2006]). Here, the Family Court's finding of neglect is supported by a preponderance of the evidence (see Matter of Aminat O., 20 AD3d 480, 481 [2005]; Matter of Griselua A., 304 AD2d 659, 660 [2003]; Matter of Edward C.L., 292 AD2d 282, 283 [2002]). Accordingly, the Family Court's determination is affirmed.

The father's remaining contentions are unpreserved for appellate review, are without merit, or do not require reversal. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.