◾ In the Matter of EDELYN S. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA S., Appellant. (Proceeding No. 1.) In the Matter of EDEL S. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA S., Appellant. (Proceeding No. 2.) In the Matter of LYDIA S. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA S., Appellant. (Proceeding No. 3.) [877 NYS2d 900]—In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Dutchess County (Forman, J.), dated April 27, 2007, which, upon her admission, determined that she had neglected the subject children, and upon her consent, placed the subject children in the custody of the Commissioner of Social Services for a period of 12 months, and directed her to comply with an order of protection of the same court, also dated April 27, 2007, and (2) the order of protection dated April 27, 2007, which directed her to observe certain conditions until February 28, 2008. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the appeals are dismissed, without costs or disbursements; and it is further,

Ordered that counsel's application to withdraw as counsel is dismissed as academic.

The appeal from the order of fact-finding and disposition must be dismissed, as the finding of neglect was entered upon the appellant's admission (*see* CPLR 5511; *Matter of Caleb P.,* 31 AD3d 559 [2006]; *Matter of Bianca C.,* 309 AD2d 932 [2003]) and the appellant is not aggrieved by the dispositional portion of the order, since she waived her right to a dispositional hearing and consented to the disposition (*see Matter of Shaheen P.J.,* 29 AD3d 996, 997 [2006]; *Matter of Shamasia M.,* 4 AD3d 359, 361 [2004]). In any event, the appeal from that portion of the order which placed the subject children in the care of the Commissioner of Social Services has been rendered academic, as the period of placement has expired by its own terms (*see Matter of Christina B.,* 8 AD3d 373, 373-374 [2004]; *Matter of Fatima Mc.,* 292 AD2d 532, 533 [2002]).

The order of protection expired by its own terms on February 28, 2008 and the determination of the appeal from this order would, under the facts of this case, have no direct effect upon

the parties. Accordingly, the appeal from the order of protection must be dismissed as academic (*see Matter of Beverly R.*, 38 AD3d 668, 669 [2007]; *Matter of Q.-L. H.*, 27 AD3d 738, 739 [2006]).

In light of the foregoing, we do not review the contentions raised in the appellant's supplemental pro se brief. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.