█ In the Matter of BRIAN W., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA W., Appellant. (Proceeding No. 1.) In the Matter of CHRISTOPHER W., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA W., Appellant. (Proceeding No. 2.) In the Matter of SARA W., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA W., Appellant. (Proceeding No. 3.) [886 NYS2d 346]—

In related neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffman, J.), dated July 3, 2008, which, upon a decision of the same court dated June 16, 2008, after a fact-finding and dispositional hearing, found that she neglected the subject children, and directed, inter alia, that the children be released to the custody of their father and that the mother attend and participate in a substance abuse and rehabilitation program.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a notice of appeal from the order of fact-finding and disposition dated July 3, 2008 (see CPLR 5512 [a]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner established a prima facie case of neglect against the mother within the meaning of Family Court Act § 1046 (a) (iii) (see Matter of Luis B., 302 AD2d 379 [2003]; cf. Matter of Anastasia G., 52 AD3d 830, 831-832 [2008]). Contrary to the mother's contention, the evidence adduced at the fact-finding hearing does not support a finding that she was regularly and voluntarily participating in a recognized rehabilitation program (see Family Ct Act § 1046 (a) (iii); Matter of Hailey W., 42 AD3d 943, 944 [2007]; Matter of Amber DD., 26 AD3d 689, 690 [2006]; Matter of Luis B., 302 AD2d 379 [2003]; cf. Matter of Iris B., 304 AD2d 301 [2003]). Accordingly, the Family Court properly found that the mother neglected the subject children.

In light of our determination, the parties' remaining contentions have been rendered academic. Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.