■ In the Matter of BRITTANY C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LINDA C., Appellant. (Proceeding No. 1.) In the Matter of HEAVEN C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LINDA C., Appellant. (Proceeding No. 2.) In the Matter of TIMOTHY C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LINDA C., Appellant. (Proceeding No. 3.) [891 NYS2d 80]—In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals (1) from an order of the Family Court, Suffolk County (Hoffmann, J.), dated July 2, 2008, which denied her motion to dismiss the petitions for lack of personal jurisdiction, (2) from an order of fact-finding and disposition of the same court dated August 12, 2008, which, upon the order dated July 2, 2008, and upon her subsequent default in appearing at the fact-finding hearing,

inter alia, found that she abused the subject children and placed the children in the custody of their father under the petitioner's supervision, and (3) from three orders of protection of the same court all dated August 12, 2008 (one for each child), which, upon the order dated July 2, 2008, and upon the order of fact-finding and disposition, among other things, directed her to stay away from the children for a period of one year.

Ordered that the appeal from the order dated July 2, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order of fact-finding and disposition; and it is further,

Ordered that the appeal from the order of fact-finding and disposition is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's motion to dismiss the petitions for lack of personal jurisdiction; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeals from the orders of protection are dismissed as academic, without costs or disbursements.

Since the mother did not appear at, and her attorney did not participate in, the fact-finding hearing, the order of fact-finding and disposition was entered on default (*Matter of Joseph Kenneth B.*, 47 AD3d 809, 809 [2008]; *see Matter of Carolyn Z.*, 53 AD3d 875, 877 [2008]; *Tun v Aw*, 10 AD3d 651, 651 [2004]). "However, notwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from the order [of fact-finding and disposition] brings up for review those 'matters which were the subject of contest' before the [Family] Court" (*Tun v Aw*, 10 AD3d at 652, quoting *James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *see Matter of Mary C. v Anthony C.*, 61 AD3d 682, 682-683 [2009]; *Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 607-608 [2009]). Accordingly, review is limited to the denial of the mother's motion to dismiss the petitions for lack of personal jurisdiction (*see James v Powell*, 19 NY2d at 256 n 3; *Matter of Mary C. v Anthony C.*, 61 AD3d at 682-683; *see also Sarlo-Pinzur v Pinzur*, 59 AD3d at 607-608; *Tun v Aw*, 10 AD3d at 652).

Under the circumstances present here, the Family Court did not err in denying the mother's motion to dismiss the petitions for lack of personal jurisdiction (*see Matter of Kali-Ann E.*, 27 AD3d 796, 797-798 [2006]; *cf. Matter of Kaila B.*, 64 AD3d 647 [2009]; *Matter of Psyllos v Psyllos*, 21 AD3d 560 [2005]).

The orders of protection expired by their own terms on August

12, 2009, and the determination of the appeals from those orders would, under the facts of this case, have no direct effect upon the parties (*see Matter of Edelyn S.*, 62 AD3d 713, 713-714 [2009]; *Matter of Eddie Michael L.*, 63 AD3d 1066 [2009]; *Matter of Isaiah S.*, 63 AD3d 948 [2009]; *Matter of Ajay P.*, 60 AD3d 681, 683 [2009]). Accordingly, the appeals from the orders of protection must be dismissed as academic. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.