Egan Jr., J.
Petitioner commenced this neglect proceeding in January 2010 alleging that respondent abused controlled substances while caring for her two children (born in 1995 and 2004). A fact-finding hearing ensued, during the course of which respondent consented to a finding of neglect without factual admissions (see Family Ct Act § 1051 [a]) and, further, to placement of the children with her parents. When the matter came on for a dispositional hearing, respondent consented to both the continued placement of the children with her parents and the corresponding order of protection. Respondent now appeals.
It is well settled that no appeal lies from an order entered upon a party’s consent (see Matter of Violette K. [Sheila E.K.], 96 AD3d 1499, 1499 [2012]; Matter of Mary UU. [Michael UU.— Marie VV.], 70 AD3d 1227, 1228 [2010]; Matter of Fantasia Y., 45 AD3d 1215, 1216 [2007]; Matter of Cheyenne QQ., 37 AD3d 977, 977-978 [2007]). Further, inasmuch as respondent did not move to vacate the underlying order, her present claim — that Family Court failed to comply with the requirements of Family Ct Act § 1051 (f) and, therefore, her consent was not knowing, intelligent and voluntary — is not properly before us (see Matter of Mary UU. [Michael UU. — Marie VV.], 70 AD3d at 1228; Matter of Fantasia Y., 45 AD3d at 1216; cf. Matter of Selena O. [Trisha O. — Steven R.], 84 AD3d 1648, 1648 [2011]; Matter of DeFrancesco v Mushtare, 77 AD3d 1079, 1080 [2010]). Accordingly, these appeals are dismissed.
Mercure, J.P, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the appeals are dismissed, without costs.