■ In the Matter of CHANEL T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GUILLAUME T., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of EVELYN T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GUILLAUME T., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of BRANDON T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GUILLAUME T., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of GUILLAUME T., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GUILLAUME T., Appellant, et al., Respondent. (Proceeding No. 4.) [961 NYS2d 574]—

In related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of protection of the Family Court, Kings County (Turbow, J.), dated February 17, 2012, which, inter alia, directed him to stay away from Chanel T., Evelyn T., Guillaume T., Jr., and Brandon T., except for supervised visitation, until and including February 16, 2013, and (2) two orders of disposition (one as to Chanel T. and Evelyn T., and one as to Guillaume T., Jr.) of the same court, both dated February 21, 2012, which, upon a fact-finding order of the same court (McElrath, J.), dated September 29, 2011, made after a hearing, finding that he neglected Chanel T. and Evelyn T., and derivatively neglected Guillaume T., Jr., released Chanel T., Evelyn T., and Guillaume T., Jr., to the custody of the Commissioner of Social Services of Kings County under certain terms and conditions. The appeals from the orders

of disposition bring up for review the fact-finding order dated September 29, 2011.

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court's determination that he neglected Chanel T. and Evelyn T. by virtue of his drug use is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [a] [iii]; [b] [i]; *Matter of Edward J. Mc. [Edward J. Mc.]*, 92 AD3d 887 [2012]; *Matter of Brian W.*, 66 AD3d 791 [2009]; *Matter of Arthur S. [Rose S.]*, 68 AD3d 1123 [2009]). Moreover, the conduct which formed the basis for the finding of neglect as to Chanel T. and Evelyn T. was sufficiently proximate in time to the birth of Guillaume T., Jr., to support a finding of derivative neglect as to that child (*see Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]).

The order of protection expired by its own terms on February 16, 2013, and the determination of the appeal from that order of protection would, under the facts of this case, have no direct effect upon the parties (*see Matter of Max F. [Emma F.-G.]*, 97 AD3d 816, 817 [2012]; *Matter of Brittany C. [Linda C.]*, 67 AD3d 788 [2009]). Accordingly, the appeal from the order of protection must be dismissed. Balkin, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.