■ In the Matter of NIVIA L.C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHANI C., Appellant. [965 NYS2d 384]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated March 1, 2012, which, after fact-finding and dispositional hearings, found that she neglected the subject child and, upon her consent, released the child to the custody of the nonrespondent father, placed her under the supervision of the Suffolk County Department of Social Services for a period of one year, and directed her to comply with an order of protection of the same court, also dated March 1, 2012, and (2) an order of protection of the same court dated March 1, 2012, which, upon her consent, directed her to observe certain conditions until March 1, 2013.

Ordered that the appeal from the order of protection dated March 1, 2012, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of fact-finding and disposition as released the subject child to the nonrespondent father, placed the mother under the supervision of the Suffolk County Department of Social Services for a period of one year, and directed her to comply with the order of protection dated March 1, 2012, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeals from the one-year order of protection dated March 1, 2012, and so much of the order of fact-finding and disposition as released the subject child to the nonrespondent father, placed the mother under the supervision of the Suffolk County Department of Social Services for a period of one year, and directed her to comply with the order of protection must be dismissed, as the order of protection and that portion of the order of fact-finding and disposition were entered on the mother's consent. No appeal lies from an order entered on the consent of the appealing party (*see Matter of Brian R.*, 48 AD3d 576, 577 [2008]; *Matter of Baby Girl M.*, 48 AD3d 569, 569 [2008]; *Matter of Angelique L.*, 42 AD3d 569, 571 [2007]; *Matter of Jerome Marcel T.*, 28 AD3d 780, 781 [2006]). Moreover, the order of protection and so much of the order of fact-finding and disposition as placed the mother under the supervision of the Suffolk County Department of Social Services for a period of one year and directed her to comply with the one-year order of protection have been rendered academic, as they have expired by their own terms (*see Matter of Jordan E.*, 57 AD3d 539 [2008]; *Matter of Brian R.*, 48 AD3d at 577; *Matter of Daqwuan G.*, 29 AD3d 694 [2006]; *Matter of Angelique L.*, 42 AD3d at 571).

However, since the prior adjudication of neglect constitutes " 'a permanent and significant stigma which might indirectly affect the [mother's] status in future proceedings' " the mother's appeal from that portion of the order of fact-finding and disposition which found that she had neglected her child is not academic (*Matter of Angelique L.*, 42 AD3d at 571, quoting *Matter of Daqwuan G.*, 29 AD3d at 695; *see Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011]). The Family Court's finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [iii]; *Matter of Arthur S. [Rose S.]*, 68 AD3d 1123 [2009]; *Matter of Aaliyah G.*, 51 AD3d 918 [2008]). Accordingly, the Family Court's determination must be affirmed. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.