*628 In two related neglect proceedings pursuant to Family Court Act article 10, James F.D. appeals from (1) an order of fact-finding of the Family Court, Queens County (Richroath, J.), dated January 31, 2012, which found that he had neglected the child Eunice D., and had derivatively neglected the child Elijah D., and (2) an order of disposition of the same court dated May 22, 2012, which, upon the order of fact-finding, and after a dispositional hearing, inter alia, released the subject children, upon consent, to the custody of the nonrespondent mother with supervision by the Administration for Children’s Services until August 28, 2012.
Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the appeal from so much of the order of disposition as released the subject children, upon consent, to the custody of the mother under the supervision of the Administration for Children’s Services until August 28, 2012, is dismissed, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as released the subject children, upon consent, to the custody of the nonrespondent mother under the supervision of the Administration for Children’s Services until August 28, 2012, must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Brian R., 48 AD3d 576, 577 [2008]). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (see Matter of Sarah A. [Daniel A.], 109 AD3d 467 [2013]; Matter of Brian R., 48 AD3d at 577). Nevertheless, the Family Court’s findings of neglect against the appellant are not academic, “since an adjudication of neglect and/or derivative neglect constitutes ‘a permanent and significant stigma which might indirectly affect the appellant’s status in future proceedings’ ” (Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708 [2012], quoting Matter of Ifeiye O., 53 AD3d 501, 501 [2008]; see Matter of Brian R., 48 AD3d at 577). Here, the Family Court’s findings of fact are supported by a preponderance of the credible evidence (see Matter of Najad D. [Kiswana M.], 99 AD3d at 708; Matter of Iouke H. [Terrence H.], 94 AD3d 889, 891 [2012]; *629 Matter of James S. [Kathleen S.], 88 AD3d 1006 [2011]; Matter of Yanni D. [Hope J.], 95 AD3d 1313 [2012]; Matter of Brian R., 48 AD3d at 577).
The appellant’s claim that the Family Court should have dismissed the petitions pursuant to Family Court Act § 1051 (c) is raised for the first time on appeal and, therefore, is not properly before this Court. Dillon, J.E, Sgroi, Cohen and Miller, JJ., concur.