■ In the Matter of JACOB EE. and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AUTUMN HH., Appellant, et al., Respondent. [987 NYS2d 258]—

Stein, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered October 24, 2012, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

In July 2012, petitioner filed a petition alleging that respondents, Steven GG. and Autumn HH. (hereinafter the mother), neglected their children* by, among other things, using drugs while they were caring for them. Upon certain admissions by respondents to their use of controlled substances and their consent to a finding of neglect, Family Court entered a factfinding and dispositional order that adjudicated the three children to be neglected. The mother now appeals.

Because the subject order was entered with the mother's consent and she failed to make a timely application in Family Court to vacate such order, she is not aggrieved thereby and her appeal is, therefore, not properly before us (*see* CPLR 5511; *Matter of Logan BB. [Michelle DD.]*, 82 AD3d 1373, 1374 [2011]; *Matter of June MM.*, 62 AD3d 1216, 1217 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Fantasia Y.*, 45 AD3d 1215, 1216 [2007]; *Matter of Monica T.*, 44 AD3d 1136, 1137 [2007]; *Matter of Elijah Q.*, 36 AD3d 974, 975 [2007], *lv denied* 8 NY3d 809 [2007]; *see also Matter of Ma'Kyle L. [Myriam B.—Egbert L.]*, 103 AD3d 802, 802 [2013]; *Matter of Edelyn S.*, 62 AD3d 713, 713 [2009]; *cf. Matter of Connor CC. [Jennifer DD.]*, 99 AD3d 1127, 1127 [2012]). During Family Court's colloquy, the court recited the parties' agreement that both respondents would

---

* Respondents have one child (born in 2012) together. The mother also has a child (born in 2008) by a different father and Steven GG. has a child (born 2004) by a different mother.

admit to having created a risk of harm to the children by using controlled substances and, based on those admissions, that a finding of neglect would be issued against them. Family Court also explained the dispositions that would be entered.

Additionally, Family Court advised both respondents in great detail of the rights they were forfeiting—such as the right to challenge the allegations of neglect, to testify on their own behalf and to call witnesses—as well as the consequences that would flow from the neglect order (*see* Family Ct Act § 1051 [f]). Before accepting respondents' admissions, the court ensured that each respondent was acting knowingly, voluntarily and intelligently (*see* Family Ct Act § 1051 [f]; *Matter of Fantasia Y.*, 45 AD3d at 1216) and, with counsel present, each respondent then made an admission to using a controlled substance on more than one occasion, which created a risk of harm to the children (*see* Family Ct Act § 1051 [a]). Family Court accepted those admissions and, in accordance with the parties' agreement, made neglect findings based thereon. Under these circumstances, the mother's appeal must be dismissed (*compare Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1001-1002 [2011], *lv denied* 16 NY3d 711, 712 [2011]; *Matter of Jerrica J.*, 2 AD3d 1161, 1163 [2003]).

Lahtinen, J.P., Garry and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.