*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    521292
_____

In the Matter of ZACHARY M.
   and Others, Alleged to be
   Neglected Children.

OTSEGO COUNTY DEPARTMENT OF
   SOCIAL SERVICES,
                    Respondent;              MEMORANDUM AND ORDER

ASHLEY N.,
                    Appellant,
                    et al.,
                    Respondent.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____

       Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

       Steven E. Ratner, Otsego County Department of Social
Services, Cooperstown, for respondent.

       Christine A. McCue, Central Bridge, attorney for the
children.

_____

Lahtinen, J.

       Appeal from an order of the Family Court of Otsego County
(Burns, J.), entered May 21, 2015, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate respondents' children to be neglected.

Respondent Ashley N. (hereinafter the mother) and respondent Russell M. are the parents of one child (born in 2010), and the mother has another child (born in 2013). Based on allegations of, among other things, drug abuse and domestic violence, petitioner brought a neglect petition. In July 2014, the parties made admissions and consented to an order (eventually entered in January 2015), which adjourned the matter in contemplation of dismissal subject to respondents' compliance with certain conditions for one year. Respondents failed to comply with all the conditions, resulting in a violation petition. At an ensuing appearance before Family Court, the mother stipulated on the record to restore the neglect petition. She consented to findings based on her prior admissions and entry of an order providing for petitioner's supervision for one year while the children remained with her. Family Court issued such an order in May 2015, and the mother now appeals.

The mother contends that the facts which she had previously admitted were insufficient to establish neglect. However, the order was entered upon consent. "It is well settled that no appeal lies from an order entered upon a party's consent" (Matter of Connor CC. [Jennifer DD.], 99 AD3d 1127, 1127 [2012]; see Matter of Gabrielle S. [Reberick T.], 105 AD3d 1098-1099 [2013]). The mother "failed to move to vacate the order on the grounds that [she] now raises" (Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [2014]; see Matter of Landon U. [Amanda U.], 132 AD3d 1081, 1086 n 1 [2015]; Matter of Cheyenne QQ., 37 AD3d 977, 978 [2007]). Accordingly, the appeal must be dismissed (see e.g. Matter of Jacob EE. [Autumn HH.], 118 AD3d 1179, 1179 [2014]; Matter of Trenton G. [Lianne H.], 100 AD3d 1124, 1125 [2012]).

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court