Appeal by the petitioner from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated August 24, 2016. The order, insofar as appealed from, after a fact-finding hearing, found that the petitioner failed to prove by a preponderance of the evidence that the respondent neglected the subject children Gary J., Manny M.T., Angelina J., and Irene T. and dismissed the petitions with respect to them with prejudice.
 

 Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petitions with respect to the children Gary J., Manny M.T., Angelina J., and Irene T. are reinstated, findings are made that the respondent neglected those children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and determinations thereafter.
 

 During the summer of 2015, two of the subject children (hereinafter together the older children) lived with their mother and her boyfriend, the respondent, Engerys J. Two other children of the mother and the respondent, half-siblings of the older children (hereinafter together the younger children), also resided in the home. The older children reported incidents to the petitioner, the Administration for Children’s Services (hereinafter the ACS), where the respondent would come home drunk and hit the mother or them, and one of them stated that the respondent repeatedly hit him with a belt. The older children each stated that they were afraid of the respondent.
 

 The ACS filed neglect petitions against the respondent with respect to the four children. The Family Court dismissed the neglect petitions with prejudice, finding that the ACS had not established that the respondent was a person legally responsible for the older children or that he had derivatively neglected the younger children. We reverse insofar as appealed from.
 

 The Family Court erred in determining that the respondent was not a person legally responsible for the older children. A person legally responsible is defined as “the child’s custodian, guardian, [or] any other person responsible for the child’s care at the relevant time” (Family Ct Act § 1012 [g] [footnote omitted]). “A person is a proper respondent in an article 10 proceeding as an other person legally responsible for the child’s care if that person acts as the functional equivalent of a parent in a familial or household setting” (Matter of Yolanda D., 88 NY2d 790, 796 [1996] [internal quotation marks omitted]). “Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case. Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child’s environment, the duration of the respondent’s contact with the child, and the respondent’s relationship to the child’s parent(s) are some of the variables which should be considered and weighed by a court” (id. at 796). The definition “expressly encompasses paramours who regularly participate in the family setting and who therefore share to some degree in the supervisory responsibility for the children” (Matter of Bianca M., 282 AD2d 536, 536 [2001]; see Matter of Jamaal NN, 61 AD3d 1056, 1057 [2009]).
 

 The evidence here showed that the respondent, as the long-term live-in boyfriend of the mother of the older children, had frequent contact with the older children, as they all lived in the same home for a period of several weeks during the summer of 2015. The respondent is also the father of the two younger children, who also lived in the same home. The evidence further established that the respondent exercised control over the older children, supervising them when the mother was not present, mediating arguments between the siblings, and disciplining them. Accordingly, the respondent acted as “the functional equivalent of a parent in a familial or household setting” for the subject children (Matter of Yolanda D., 88 NY2d at 796; see Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1005-1006 [2015]).
 

 The Family Court also improperly determined that the respondent did not neglect the older children and did not derivatively neglect the younger children. Acts of domestic violence committed in a child’s presence can support a finding of neglect against the abuser because such acts impair, or create an imminent danger of impairing, the child’s physical, emotional, or mental conditions (see Matter of Jaden J. [Ernest C.], 106 AD3d 822, 823 [2013]). Additionally, “[a]lthough parents have a right to use reasonable physical force against a child in order to maintain discipline or promote the child’s welfare, the use of excessive corporal punishment constitutes neglect” (Matter of Jerome S. [Tazine R.], 120 AD3d 1421, 1422 [2014]). “Striking a child repeatedly with a belt can constitute excessive corporal punishment” (id. at 1422). Derivative neglect arises where a respondent’s neglect of one child demonstrates “such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his or her] care” (Matter of Dutchess County Dept. of Social Servs. [Noreen K.], 242 AD2d 533, 534 [1997]; see Family Ct Act § 1046 [a] [i]).
 

 The ACS established, by a preponderance of the evidence, that the respondent committed acts of domestic violence against the mother in the presence of the older children which frightened them, and that the respondent inflicted excessive corporal punishment on one of the older children. Thus, the ACS established by a preponderance of the evidence that the respondent neglected the older children and derivatively neglected the younger children.
 

 Accordingly, we reverse the order insofar as appealed from, reinstate the petitions with respect to the older children and the younger children, make findings that the respondent neglected those children, and remit the matter to the Family Court, Kings County, for a dispositional hearing and determinations thereafter.
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.