Matter of Kaylarose J.H. (Rena R.D.) (2018 NY Slip Op 02783)





Matter of Kaylarose J.H. (Rena R.D.)


2018 NY Slip Op 02783


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-07257
2016-07258
 (Docket No. N-32834-14)

[*1]In the Matter of Kaylarose J. H. (Anonymous). Administration for Children's Services, respondent; Rena R. D. (Anonymous), appellant.


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Barbara Graves-Poller of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Alan Beckoff, J.), dated March 16, 2016, and (2) an order of disposition of the same court (Erik S. Pitchal, J.) dated May 25, 2016. The order of fact-finding, insofar as appealed from, after a hearing, found that the mother neglected the subject child. The order of disposition, after a hearing, inter alia, released the subject child, upon consent, to the custody of the nonrespondent father under the petitioner's supervision for a period of six months.
ORDERED that the appeal from so much of the order of fact-finding as found that the mother neglected the subject child is dismissed, without costs or disbursements, as that portion of the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the subject child, upon consent, to the custody of the father under the petitioner's supervision for a period of six months, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the then 13-year-old subject child by inflicting excessive corporal punishment on her. After a fact-finding hearing, the Family Court found that the mother neglected the child. After a dispositional hearing, the court, inter alia, released the child, upon consent, to the custody of the nonrespondent father under the petitioner's supervision for a period of six months.
The mother appeals.
The appeal from so much of the order of disposition as released the child, upon [*2]consent, to the custody of the father under the petitioner's supervision for a period of six months must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Eunice D. [James F.D.], 111 AD3d 627; Matter of Brian R., 48 AD3d 576, 577). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (see Matter of Sarah A. [Daniel A.], 109 AD3d 467; Matter of Brian R., 48 AD3d at 577). Nevertheless, the Family Court's finding of neglect against the mother is not academic, since an adjudication of neglect constitutes " a permanent and significant stigma which might indirectly affect the [mother's] status in future proceedings'" (Matter of Najad D. [Kiswana M.], 99 AD3d 707, 708, quoting Matter of Ifeiye O., 53 AD3d 501, 501; see Matter of Brian R., 48 AD3d at 577).
To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Matter of Harmony H. [Welton H.], 148 AD3d 1019, 1020; Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897). " Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect'" (Matter of Paul M. [Tina H.], 146 AD3d 961, 962, quoting Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977). A single incident of excessive corporal punishment may be sufficient to support a finding of neglect (see Matter of Amoria S. [Sharon M.M.], 155 AD3d 629, 629-630; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773; Matter of Za'Niya D. [Kenneth R.], 133 AD3d 657; Matter of Jallah J. [George J.], 118 AD3d 1000, 1001).
Here, a preponderance of the evidence supported the Family Court's finding that the mother neglected the child by inflicting excessive corporal punishment on her (see Matter of Imaani A. [Rafiyq A.], 150 AD3d 845, 846; Matter of Douglas L. [Cheyanne J.], 147 AD3d 840, 841).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court