Matter of Vicktoriya DD. (Sheryl EE.) (2019 NY Slip Op 03411)





Matter of Vicktoriya DD. (Sheryl EE.)


2019 NY Slip Op 03411


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526119

[*1]In the Matter of VICKTORIYA DD. and Others, Alleged to be Neglected Children. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHERYL EE., Appellant.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Sandra M. Colatosti, Albany, for appellant.
Stephen M. Dorsey, County Attorney, Ballston Spa (Vida L. McCarthy-Cerrito of counsel), for respondent.
Nicole R. Rodgers, Saratoga Springs, attorney for the children.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered December 6, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
In May 2017, petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that respondent had neglected her three children (born in 2000, 2006 and 2009). In September 2017, Family Court issued an order temporarily removing one of the children from respondent's care. In November 2017, on the second day of the fact-finding hearing, petitioner's counsel notified Family Court of a settlement offer by which the child who had been temporarily removed would remain in petitioner's custody, respondent would be placed under petitioner's supervision for one year and petitioner would not seek removal of the other two children. Following consultation with her counsel, respondent accepted the offer and consented on the record to a finding of neglect. Family Court then entered an order that adjudicated the children to be neglected and contained the agreed-upon terms of disposition. Respondent appeals.
It is well settled that an order entered upon consent is not appealable (see Matter of Zachary M. [Ashley N.], 141 AD3d 771, 771 [2016]; Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [2014]; Matter of Gabrielle S. [Reberick T.], 105 AD3d 1098, 1099 [2013]). Respondent's claim that her consent was involuntary because she was coerced into accepting the settlement offer should have been raised in Family Court by way of a motion to vacate the order (see Family Ct Act § 1051 [f]; Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1470 [2017], lv denied 31 NY3d 904 [2018]; Matter of Mary UU. [Michael UU.—Marie VV.], 70 AD3d [*2]1227, 1228 [2010]). As the record does not reveal that any such application was made, the appeal is not properly before this Court.
Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.