Matter of Vicktoriya DD. (Daniel EE.) (2019 NY Slip Op 03413)





Matter of Vicktoriya DD. (Daniel EE.)


2019 NY Slip Op 03413


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526152

[*1]In the Matter of VICKTORIYA DD. and Others, Alleged to be Neglected Children. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL EE., Appellant.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Tammy Arquette, Clifton Park, for appellant.
Stephen M. Dorsey, County Attorney, Ballston Spa (Vida L. McCarthy-Cerrito of counsel), for respondent.
Nicole R. Rodgers, Saratoga Springs, attorney for the children.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered December 6, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the father of three children (born in 2000, 2006 and 2009). In 2017, petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that respondent had neglected the children. While the proceeding was pending, Family Court issued an order that temporarily removed one of the children from respondent's custody. At the beginning of the fact-finding hearing, respondent and his counsel advised the court that respondent had told counsel two weeks earlier that he no longer wanted counsel to represent him and that respondent wished to represent himself. Family Court permitted counsel to withdraw. Following petitioner's opening statement, respondent requested an adjournment to, among other things, seek counsel. The court denied this request. Petitioner then began the direct examination of its first witness, which was not yet complete when the hearing reached its scheduled end. Before adjourning, the court questioned respondent about his education, experience and understanding of the ramifications of representing himself. Following this colloquy, respondent stated that he intended to obtain counsel before the next hearing date.
At the continuation of the fact-finding hearing, respondent appeared with new counsel, and Family Court rescheduled the order of witnesses to allow time for review of the testimony taken on the first day. Before any further testimony was taken, petitioner notified the court of a settlement offer by which the children would be adjudicated to be neglected with agreed-upon terms of disposition. Respondent consulted with counsel and consented on the record to a [*2]neglect finding and to the proposed dispositional terms. Family Court thereafter entered an order that, as agreed, adjudicated the children to be neglected by respondent, ordered that the child who had been removed from respondent's care would remain in petitioner's custody and placed respondent under petitioner's supervision for one year. Respondent appeals.
As respondent concedes, "it is well settled that no appeal lies from an order entered on consent" (Matter of Fantasia Y., 45 AD3d 1215, 1216 [2007]; see Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [2014]; Matter of Trenton G. [Lianne H.], 100 AD3d 1124, 1125 [2012]). Moreover, "respondent failed to move to vacate the order on the grounds that he now raises" (Matter of Connor S. [Joseph S.], 122 AD3d at 1097; accord Matter of Zachary M. [Ashley N.], 141 AD3d 771, 771-772 [2016]; see Family Ct Act § 1061; Matter of Dante W. [Justin W.], 110 AD3d 1400, 1401 [2013]). Thus, respondent's contentions that Family Court erred in denying his request for an adjournment and that he did not knowingly and intelligently waive his right to counsel are not properly before this Court, and the appeal must be dismissed.
We reject respondent's assertion that the prohibition on appeals from consent orders in proceedings pursuant to Family Ct Act article 10 is unjust and against public policy. Respondents are not precluded from bringing a challenge to such orders, but instead must do so in the first instance by filing a motion to vacate the order, thus providing Family Court with an opportunity to consider and correct any deficiencies. A respondent may then seek redress in an appellate court, if necessary, by appealing from the denial of such a motion (see Family Ct Act § 1112; see e.g. Matter of Jeffrey X., 283 AD2d 687, 688-689 [2001]).
Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.