Matter of Heavenly A. (Tina A.--Michael P.) (2019 NY Slip Op 04539)





Matter of Heavenly A. (Tina A.--Michael P.)


2019 NY Slip Op 04539


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


79 CAF 17-01464

[*1]IN THE MATTER OF HEAVENLY A., KURT A., AND MIKE A. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; TINA A., RESPONDENT, AND MICHAEL P., RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ANN MAGNARELLI OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered August 2, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent Michael P. had neglected the subject children. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent Michael P. challenges the denial of his motion to dismiss the petition against him, and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent-appellant (respondent) appeals from an order of fact-finding and disposition that, inter alia, adjudged the subject children to be neglected. Prior to the fact-finding hearing, respondent moved to dismiss the neglect petition against him on the ground that he was not a person legally responsible for the children. Family Court reserved decision. Subsequently, respondent failed to appear at the fact-finding hearing and his attorney declined to participate in his absence. The court proceeded with the hearing and thereafter entered its order of fact-finding and disposition upon respondent's default.
Contrary to respondent's contention, because he failed to appear at the fact-finding hearing and his attorney, although present, did not participate in the hearing, the order was entered upon his default (see Matter of Shawn A. [Milisa C.B.], 85 AD3d 1598, 1598-1599 [4th Dept 2011], lv denied 17 NY3d 713 [2011]; Matter of Brittany C. [Linda C.], 67 AD3d 788, 789 [2d Dept 2009], lv denied 14 NY3d 702, 703 [2010]). No appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; Matter of Rottenberg v Clarke, 144 AD3d 1627, 1627 [4th Dept 2016]). Nevertheless, respondent's appeal from the order brings up for review "matters which were the subject of contest" before the court (James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]; see Rottenberg, 144 AD3d at 1627), i.e., respondent's motion to dismiss (see Brittany C., 67 AD3d at 789).
Respondent contends that the court should have dismissed the neglect petition against him because he was not a person legally responsible for the children. We reject that contention. The term "person legally responsible" includes "the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012 [g]). "A person is a proper respondent in an article 10 proceeding as an other person legally responsible for the child's care' if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d 790, 796 [1996]; see Matter of Gary J. [Engerys J.], 154 AD3d 939, 940 [2d Dept 2017]). "Determining whether a particular person [*2]has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case. Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s) are some of the variables which should be considered and weighed by a court" (Yolanda D., 88 NY2d at 796; see Gary J., 154 AD3d at 940-941). The term includes the partner of a parent where that partner participates in the family setting on a regular basis and therefore shares responsibility for supervising the children (see Gary J., 154 AD3d at 941).
Here, we conclude that the court properly determined that respondent acted as "the functional equivalent of a parent in a familial or household setting" for the children (Yolanda D., 88 NY2d at 796; see Gary J., 154 AD3d at 941). With respect to the allegations of educational neglect in the petition, petitioner's caseworker testified at the fact-finding hearing that, during the 2016-2017 school year, the children were absent from school more often than not. She further testified that, as of March 2, 2017, the date of the petition, respondent resided with the children and their mother and that he provided care for the children. School records received in evidence listed respondent as the children's emergency contact and indicated that, on at least one occasion during the relevant time period, he called the school to report the absence of one of the children. Moreover, due to respondent's failure to appear at the hearing, the court was entitled to draw the strongest possible inference against him (see Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1793
[4th Dept 2017], lv denied 30 NY3d 902 [2017]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court