Matter of Amy TT. v Ryan UU. (2019 NY Slip Op 07659)





Matter of Amy TT. v Ryan UU.


2019 NY Slip Op 07659


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527186

[*1]In the Matter of Amy TT., Respondent,
v
Ryan UU., Appellant. (And Three Other Related Proceedings.)

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Betty J. Potenza, Highland, for appellant.
Daniel Gartenstein, Kingston, for respondent.
Claudia S. Davenport, Kingston, attorney for the children.



Clark, J.
Appeals (1) from an order the Family Court of Ulster County (Mizel, J.), entered August 3, 2018, which, among other things, granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation, and (2) from the order of protection issued thereon.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2011 and 2013). Pursuant to a 2012 custody order, entered upon consent, the mother and the father shared joint legal and physical custody of the older child. When the younger child was born in 2013, the mother and the father did not immediately seek a custody order relating to him. Rather, they shared joint legal and physical custody of the younger child on the same terms set forth in the 2012 custody order relating to the older child.
In April 2017, the mother filed a petition seeking to modify the 2012 custody order relating to the older child and a separate petition seeking an initial custody order for the younger child. In each petition, the mother sought sole legal and physical custody and a set schedule of parenting time for the father. The mother alleged, among other things, that the father had been verbally and physically abusive toward her in the presence of the children and that the father was on probation as a result of having been convicted of felony gun charges in 2014. The father unsuccessfully moved to dismiss the petitions on jurisdictional grounds and, in January 2018, Family Court issued a temporary order directing that the father have parenting time with the children on three weekends a month.
A few weeks later, in February 2018, the mother filed an "emergency" petition seeking to suspend the father's parenting time with the children. The mother alleged that, since the issuance of the January 2018 temporary order, the father had been charged with five counts of criminal possession of a weapon and his friend — with whom the father was living at the time — had been charged with possession of a controlled substance (methamphetamine) and unlawful possession of a large capacity ammunition feeding device (25 round magazine). On February 16, 2018, Family Court temporarily awarded the mother sole custody of the children and suspended the father's parenting time pending a further court order.[FN1] Family Court also issued a temporary order of protection directing that the father stay away and refrain from contacting the mother and the children. In two separate submissions, the father moved to vacate the February 2018 orders, requested an immediate evidentiary hearing, sought to disqualify the mother's counsel and demanded copies of forensic mental health evaluation reports that had purportedly been completed on the children. Family Court converted the father's submissions into an order to show cause and, in April 2018, granted the father's request for a hearing on the relief granted in the February 2018 temporary orders.[FN2] The court, however, denied as unsupported the father's request to disqualify the mother's counsel and, because no mental health evaluations of the children had been ordered or completed, denied his request for copies of any such reports.
In May 2018, the father filed a petition to modify the February 2018 temporary orders to allow him regular parenting time with the children. The parties ultimately appeared before Family Court on June 7, 2018, and it was noted that the father was soon to be incarcerated. During that appearance, the mother and the father consented to a resolution of all outstanding petitions, which entailed the mother receiving sole legal and physical custody of the children and an order of protection directing the father to stay away and refrain from contacting the children, subject to certain exceptions. Specifically, the father was to be permitted two supervised visits with the children prior to his incarceration and reasonable contact with the children — by telephone and written correspondence, monitored by the mother — while incarcerated. The stipulation further provided that the father's release from prison would be deemed a change in circumstances that would allow him to seek a modification of the custody arrangement. Family Court subsequently entered a custody and visitation order, as well as an order of protection, consistent with the parties' stipulation. The father appeals.
The father's appeals must be dismissed, as orders issued upon consent are not appealable (see Matter of Connor CC. [Jennifer DD.], 99 AD3d 1127, 1127 [2012]; Matter of Selena O. [Trisha O.—Steven R.], 84 AD3d 1648, 1648 [2011]; Matter of Fantasia Y., 45 AD3d 1215, 1216 [2007]). To the extent that the father claims that his consent was involuntary, such claim must be raised and addressed in Family Court in the context of a motion to vacate the underlying consent orders (see Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1171 [2016]; Matter of Fantasia Y., 45 AD3d at 1216).
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the appeals are dismissed, without costs.



Footnotes

Footnote 1: By order entered February 27, 2018, Family Court ordered that the January 2018 temporary order has been superseded and terminated by the February 16, 2018 temporary order.

Footnote 2: Family Court scheduled that hearing for April 13, 2018. However, the hearing was ultimately adjourned to allow the father to retain counsel.