■ In the Matter of JOHN F. and Others, Children Alleged to be Abused. PAULINE M. SANDERS, as Commissioner of the Chemung County Department of Social Services, Respondent; RALPH F., Appellant, et al., Respondent. [643 NYS2d 758] —Cardona, P. J.

Petitioner commenced this proceeding against respondents alleging that they abused their children. Respondent Marilyn F. consented to a finding of neglect and the issues involved in her case are not before this Court. Respondent Ralph F. (hereinafter respondent) admitted certain allegations contained in the petition and a dispositional order was entered. Respondent appeals.

Initially, respondent contends that he did not consent to all the terms of the dispositional order. Specifically, he claims that Family Court erred in denying him the right to communicate directly with the children. Our review of the record, however, reveals that respondent did in fact consent to the terms of the dispositional order. At the hearing, respondent objected to petitioner's proposal that he not be permitted to communicate with the children. His attorney stated that respondent "would at least like the opportunity to send letters addressed to the

children in care of the [Chemung County] Department of Social Services". Family Court granted that request and respondent's counsel said, "That's all we're asking." The court made it clear to respondent that the children might not receive the correspondence until the children's therapist determined that it was appropriate. Respondent raised no objection and stated that "if the therapist one day says it's okay to have contact, just send the letters on". No other objection was made. Respondent, therefore, consented to the terms of the dispositional order and inasmuch as no appeal lies from an order entered upon consent (*see, Matter of Michael CC.*, 216 AD2d 740; *Matter of Cherilyn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652), this appeal is dismissed.

Furthermore, we reject respondent's claim that Family Court's failure to specify under which subdivision of Family Court Act § 1012 (e) the abuse falls and the failure to specify the particular sex offense as defined in Penal Law article 130 mandates reversal of the finding of abuse. Although the court did not specify the particular section upon which its findings were based as mandated by Family Court Act § 1051 (e), respondent admitted to acts constituting the crime of sodomy in the first degree in violation of Penal Law § 130.50 (3). Thus, Family Court's finding of abuse could only have been based on a violation of Family Court Act § 1012 (e) (iii). Thus, we find any defect in this regard to be harmless (*see, Matter of Nichole L.*, 213 AD2d 750, *lv denied* 86 NY2d 701).

Mikoll, Mercure, White and Spain, JJ., concur. Ordered that the appeal is dismissed, without costs.