■ In the Matter of AMANDA PP. and Others, Children Alleged to be Abused and/or Neglected. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL PP., Appellant. [689 NYS2d 307] —Graffeo, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered September 23, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Petitioner commenced this proceeding against respondent alleging that he had sexually abused his daughter (hereinafter the child) and several of her friends. A temporary order of protection was issued on May 20, 1996 preventing respondent from having any contact with his three children after he was indicted for 14 counts of sexual abuse and three counts of endangering the welfare of a child. In June 1996, temporary custody of the child and her two brothers was granted to petitioner.[1] In connection with the disposition of his criminal charges, respondent pleaded guilty to attempted sexual abuse in the first degree and sexual abuse in the second degree and was sentenced to terms of imprisonment of 1⅓ to 4 years and 1 year, respectively. Thereafter, in Family Court, the parties and the child's Law Guardian entered into an agreement whereby respondent admitted that he sexually abused his daughter and consented to the entry of a dispositional order. Accordingly, Family Court adjudged the child to be an "[a]bused child" and her two brothers to be "[n]eglected children" pursuant to Family Court Act § 1012 (e) (iii) and (f).

Respondent now appeals contending that Family Court incorrectly found the child to be an abused child. Specifically, respondent argues that the subject of his sexual abuse was not the child but, rather, another infant.[2] Arguing that the conviction with respect to the child was for attempted sexual abuse in the first degree, respondent maintains that he erroneously

---

1. After the child's mother failed to appear in court pursuant to a court order, a warrant for her arrest was issued but she was not located. Her attorney informed Family Court that she probably had taken the children to Florida, where her parents were granted custody of the children pursuant to a Florida Surrogate's Court order.

2. Although the record is unclear whether the sexual abuse conviction pertained to another infant while the attempted sexual abuse conviction concerned the child, neither petitioner nor the Law Guardian disputes this contention.

admitted to sexually abusing the child in the Family Court proceeding. We find respondent's position to be wholly lacking in merit. Pursuant to Family Court Act § 1051 (a), the court shall enter an order finding a child abused or neglected if all parties and the Law Guardian consent. At the time of Family Court's determination of abuse, after the stipulation was placed on the record respondent freely and knowingly, and with the benefit of counsel, admitted on the record to sexually abusing the child. Furthermore, respondent acknowledged he was acting voluntarily and he expressed no dissatisfaction with his attorney. Based on the unambiguous agreement of the parties and the Law Guardian to Family Court's disposition and order, and inasmuch as "no appeal lies from an order entered upon consent" (*Matter of John F.*, 228 AD2d 812, 813; *accord, Matter of Michael CC.*, 216 AD2d 740), respondent's appeal must be dismissed.

Even if we were to consider respondent's assertions, we would reject his claim that Family Court improperly found that his conduct constituted a "sex offense" as contained in the definition of an "[a]bused child" within the purview of Family Court Act § 1012 (e) (iii). Not only was respondent indicted for the sexual abuse of the child, he admitted to committing the offense during Family Court proceedings and the disposition was made with his express approval. Therefore, contrary to respondent's contention, the fact that respondent pleaded guilty to attempted sexual abuse in the first degree (*see*, Penal Law §§ 130.65, 110.00), a class E felony, rather than sexual abuse in relation to his conduct toward the child is irrelevant for the purposes of the consensual disposition in Family Court. Under these circumstances, we conclude that it was proper for Family Court to find that respondent abused the child within the meaning of Family Court Act § 1012 (e) (iii), and any alleged error in referencing the incorrect conviction was harmless (*see, Matter of John F.*, *supra*, at 813; *Matter of Nichole L.*, 213 AD2d 750, 752, *lv denied* 86 NY2d 701).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.