■ In the Matter of DAWN M. FORBUS, Respondent, v SHAUN STOLFI, Appellant. [752 NYS2d 158] —Mercure, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered June 11, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for sole custody of the parties' child.

Petitioner and respondent are the parents of a daughter, born June 7, 1993. In November 2000, petitioner brought the instant proceeding for sole custody of the child. At that time, respondent had been convicted of attempted assault in the second degree and was incarcerated at a state correctional facility. During proceedings before Family Court in May 2001, the parties consented to a disposition of the matter which gave petitioner sole legal custody of the child and respondent limited visitation. Family Court entered an order accordingly and respondent now appeals.

Respondent argues that Family Court failed to conduct the proceedings in a timely manner and in accordance with certain provisions of the Uniform Rules for the Trial Courts (see 22 NYCRR 205.12 [a], [d]; 205.14). Respondent's appeal, however, is from an order entered upon consent and no appeal lies from such an order (see Matter of Catrina N., 98 NY2d 688; Matter of Carey K., 265 AD2d 617, 617-618; Matter of John F., 228 AD2d 812). Consequently, the appeal must be dismissed. In any event, were we to reach the merits, we would find respondent's argument unpersuasive. The time limitations of 22 NYCRR 205.14 are inapplicable to the instant case inasmuch as no hearing or trial was conducted. Moreover, 22 NYCRR 205.12 (a) does not impose a strict time period within which a pretrial conference must be held. Because this matter was resolved by consent of the parties and the agreed-upon disposition was put on the record, there was no violation of 22 NYCRR 205.14.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the appeal is dismissed, without costs.