■ In the Matter of JEFFREY J. COLLINS, Appellant, v TONI BRUSH, Respondent. [792 NYS2d 363]—

Peters, J. Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered February 17, 2004 which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

Petitioner is the father of two children, a son born in 1991 and a daughter born in 1993. When they separated in 1998, the mother left the marital residence with their daughter, leaving petitioner with their son, then age 7. Shortly thereafter, the mother died from a drug overdose and the daughter went to live with respondent, the maternal grandmother. In August 1999, Family Court, with the consent of the parties, entered an order of joint custody concerning the daughter which provided for primary physical custody of the child to respondent and specific visitation to petitioner. Due to petitioner's history of substance abuse and domestic violence, Family Court ordered supervised visitation. In August 2000, Family Court modified that order to allow for unsupervised visitation and, by January 2001, it ordered that, effective May 1, 2001, petitioner was to have sole custody. In its decision, Family Court granted extensive visitation to respondent, noting the "close bond" that petitioner's daughter shared with her and how she represents "the important female figure in the child's life."

In 2003, petitioner sought to significantly reduce respondent's visitation; she countered with a violation proceeding. Following a *Lincoln* hearing, the parties settled all outstanding proceedings. In accordance with their stipulation, Family Court entered an order which dismissed the violation petition and slightly modified the 2001 order.

Instead of moving to vacate the stipulation, petitioner appeals, contending that Family Court failed to give adequate deference to his preferences and erred in placing the burden upon him of proving a change in circumstances (*see Matter of Uncle v Uncle*, 154 AD2d 743, 744 [1989]). This order, entered pursuant to a stipulated settlement between the parties and the Law Guardians, with both petitioner and respondent represented by counsel, is not appealable (*see Matter of Forbus v Stolfi*, 300 AD2d 852, 852 [2002], *lv dismissed* 99 NY2d 642 [2003]; *Matter of Amanda PP.*, 260 AD2d 951, 952 [1999]; *Matter of John F.*, 228 AD2d 812, 813 [1996]). In any event, petitioner's assertions

lack merit since there was substantial evidence demonstrating that it was in the best interests of the daughter to have extensive visitation with respondent.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, without costs.