■ In the Matter of Joyce R. Cardozo, Respondent, v Thomas M. Wlasiuk, Jr., Respondent. Peter Wlasiuk, Appellant. [805 NYS2d 677]—

Cardona, P.J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered June 10, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Following Peter Wlasiuk's 2002 arrest and incarceration for the alleged murder of his wife, custody of their two daughters (born in 1997 and 1998) was awarded to respondent and his wife—i.e., Wlasiuk's parents (hereinafter collectively referred to as the paternal grandparents)—upon the consent of Wlasiuk, petitioner and the paternal grandparents.* Petitioner, the girls' maternal grandmother, was awarded visitation at that time. The custody arrangement provided no visitation to Wlasiuk.

The following year, petitioner applied for modification of

* Custody of Wlasiuk's third daughter (born in 1992) was also awarded to the paternal grandparents, but Wlasiuk's wife was not the mother of that child and, thus, custody of her is not in issue in the instant proceeding.

custody, citing, among other things, Wlasiuk's intervening conviction for the murder of his wife as a requisite change in circumstances, and naming Wlasiuk and the paternal grandparents as respondents. Thereafter, Family Court issued an order upon a stipulation of the parties awarding petitioner and the paternal grandparents joint custody of the children, with primary physical custody to the paternal grandparents. Again, this order provided no visitation to Wlasiuk.

Following the death of the paternal grandmother in late 2003, petitioner commenced this modification proceeding against respondent seeking physical custody of her granddaughters. Although not named as a party to this proceeding, Wlasiuk requested that Family Court assign him counsel and order him produced from prison for a hearing on the petition. Family Court assigned Wlasiuk counsel, but declined to order him produced.

At the ensuing hearing, petitioner and respondent entered into a stipulation in open court which provided respondent with physical custody of the children and gave petitioner extensive visitation. The parties also agreed that the children would not be permitted to visit Wlasiuk at any maximum security prison. Wlasiuk's counsel, who was present at the hearing, did not object to the substance of the parties' stipulation, but did object to Wlasiuk's absence from the proceedings. Family Court thereafter issued an order incorporating the parties' agreement and Wlasiuk now appeals.

Wlasiuk claims that Family Court erred in approving the parties' stipulation outside of his presence and without his express consent. More specifically, he takes issue with that part of the order which prohibits his daughters from visiting him in a maximum security prison, claiming that this provision effectively prohibits all visitation. We disagree.

The record is devoid of any proof that Wlasiuk has formally sought visitation with his children since he has been incarcerated (*compare Matter of McCrone v Parker*, 265 AD2d 757, 757 [1999]). Wlasiuk was a named party to proceedings in 2002 and 2003 which culminated in orders upon consent and/or stipulation (*see Matter of Collins v Brush*, 17 AD3d 726, 727 [2005]). There is no indication that, in either case, he did anything more than cede custody of his daughters to the paternal grandparents and in neither instance was visitation to him set forth in Family Court's order. Moreover, although Wlasiuk was not named as a party to the current proceeding, he was notified of the proceeding by Family Court and was assigned counsel. Yet, he made no cross application for visitation and, at the subsequent hearing before Family Court, his counsel explicitly indicated that, based

on his communications with his client, he did not believe that his client had any objection to the contents of the stipulation. Accordingly, inasmuch as Wlasiuk has consistently approved of, or acquiesced to, custodial orders which do not provide him with visitation, and insofar as the order appealed from does little more than maintain the status quo, we can discern no error here.

We also parenthetically note that Wlasiuk does not appear to be entitled to visitation pursuant to statute. Domestic Relations Law § 240 (1-c) expressly prohibits a court from affording child visitation to any person who, like Wlasiuk, has been convicted of murdering the child's parent (*see* Domestic Relations Law § 240 [1-c] [a]; *compare Matter of Ellett v Ellett*, 265 AD2d 747, 747-748 [1999]). Although certain statutory exceptions to this rule exist, Wlasiuk has never attempted to show that the facts of his case fit within same. Accordingly, since Family Court may be statutorily precluded from providing him with any visitation whatsoever, any application for visitation by Wlasiuk must be measured against the dictates of Domestic Relations Law § 240 (1-c).

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.