In the Matter of JAMES W. MCDONALD III, Respondent, v JHENNA A. REED, Now Known as JHENNA A. LAFLAIR, Appellant. (And Another Related Proceeding.) [889 NYS2d 321]—

Rose, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) each sought custody of their child. During a hearing conducted by a Judicial Hearing Officer (hereinafter JHO), the parties and the Law Guardian ultimately agreed to a settlement which provided for joint custody, physical placement with the mother and extensive visitation for the father. The terms of the agreement were placed on the record and incorporated in a written order issued by the JHO.

The mother now questions the authority of the JHO to issue the consent order because there is no order of reference in the record pursuant to CPLR 4317. The JHO's authority, however, arose from Judiciary Law article 22 upon assignment by the local administrative judge (*see* Judiciary Law §§ 851, 853; 22 NYCRR 122.6). The parties consented to have their petitions heard by the JHO (*cf. Matter of Heather J.*, 244 AD2d 762, 763 [1997]), and there is nothing in the record indicating that the JHO was not lawfully assigned to their proceedings. Inasmuch as the consent order was entered pursuant to a stipulated settlement among the parties and the Law Guardian, with the mother

and the father both represented by counsel, it is not appealable (*see Matter of Sterling v Dyal*, 52 AD3d 894, 895 [2008]; *Matter of Forbus v Stolfi*, 300 AD2d 852, 852 [2002], *appeal dismissed and lv dismissed* 99 NY2d 642 [2003]). Since the mother has not sought to vacate the order or set the stipulation aside (*see Matter of Collins v Brush*, 17 AD3d 726, 727 [2005]; *Dudla v Dudla*, 304 AD2d 1009, 1010 [2003]), her remaining contentions are unavailing.

Peters, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the appeal is dismissed, without costs.