◼ In the Matter of JAMES DEFRANCESCO, Appellant, v STACY MUSHTARE, Respondent. (And Two Other Related Proceedings.) [908 NYS2d 889]—

Egan Jr., J. Appeal from an order of the Family Court of Saratoga County (Seibert, Jr., J.), entered June 23, 2009, which dismissed petitioner's applications, in three proceedings pursuant to Family Court Act article 6, to, among other things, modify a prior order of custody.

The parties are the divorced parents of a son born in 1996. In June 2008, the parties entered into an agreement in Family Court whereby respondent (hereinafter the mother) was granted sole custody of the child with petitioner (hereinafter the father) having certain visitation rights. In July 2008, the father commenced the first of these three proceedings seeking to modify the custodial arrangement based on allegations that the mother attacked and bit the child and, later, alleging, among other things, that the mother violated the court-ordered visitation schedule. A trial was conducted on June 18, 2009 and both par-

ties appeared pro se. The father called several witnesses including a psychologist, a State Police investigator and the child. Notably, the father's evidence established that the child had certain behavioral problems, that the mother bit the child to protect herself from the child who was brandishing a butcher knife, and that the mother, her current husband and the child have been undergoing counseling. The psychologist testified that the child's behavioral issues have improved with treatment and opined that the child should remain with the mother. The father also presented the testimony of the child, who denied any abuse and testified that he wanted to live with the mother. At the close of the father's case, the attorney for the child and the mother moved to dismiss the petition based on his failure to establish a change in circumstances. In response to the motion to dismiss, the father advised "[t]hat's fine with me, Your Honor." Family Court thereafter dismissed the petitions and the father now appeals.

It is well settled that no appeal lies from an order entered on consent (*see Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]; *Matter of Fantasia Y.*, 45 AD3d 1215, 1216 [2007]; *Matter of Forbus v Stolfi*, 300 AD2d 852, 852 [2002], *lv dismissed* 99 NY2d 642 [2003]). To the extent that the father claims that his consent to the order of dismissal was not knowing, intelligent or voluntary, such an argument should have been pursued in a motion to vacate the order made before Family Court (*see Matter of Mary UU. [Michael UU.—Marie VV.]*, 70 AD3d 1227, 1228 [2010]; *Matter of Cheyenne QQ.*, 37 AD3d 977, 978 [2007]). This the father did not do and, accordingly, his appeal must be dismissed. In light of this determination, we need not address the father's remaining contentions.

Peters, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the appeal is dismissed, without costs.