*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                516688
_____

In the Matter of ALEXANDRA
    PEREZ CID, Formerly Known
    as ALEXANDRA DiSANTO,
                    Respondent,
        v                                MEMORANDUM AND ORDER

PATRICK DiSANTO,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

_____

        Ted J. Stein, Woodstock, for appellant.

        Jay A. Kaplan, Kingston, for respondent.

        Ephie Trataros, Kingston, attorney for the child.

        Jane M. Bloom, Monticello, attorney for the child.

_____

Lahtinen, J.P.

        Appeal from an order of the Family Court of Ulster County
(Lalor, J.H.O.), entered March 13, 2013, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of two children

(born in 1999 and 2001). The parties' judgment of divorce included joint legal custody and kept in force the terms of a March 2008 order entered during the divorce action in which parenting time was divided eight days to the father and six days to the mother on a two-week cycle. The order further provided that any subsequent claim of change in circumstances would be measured from the end of the divorce trial testimony in December 2007. The mother filed an amended petition in October 2011 seeking to modify custody by awarding her legal and physical custody. The father cross-petitioned for, among other things, legal and physical custody. After a lengthy fact-finding hearing, as well as Lincoln hearings, Family Court issued a detailed decision in which it dismissed the father's cross petition and granted the mother's petition and awarded her custody. The father received supervised, therapeutic visitation. The father appeals.

We affirm. The father's initial argument that the Judicial Hearing Officer (hereinafter JHO) did not have jurisdiction to preside over the matter is without merit. The record contains written consent from counsel for each party agreeing that the matter be heard by the JHO and "there is nothing in the record indicating that the JHO was not lawfully assigned to their proceedings" (Matter of McDonald v Reed, 68 AD3d 1181, 1181 [2009], lv dismissed 14 NY3d 758 [2010]; accord Matter of LaRussa v Williams, 114 AD3d 1052, 1053 [2014]).

We find no merit in the father's contention that there had not been a sufficient change in circumstances since December 2007 to warrant a modification of the custody order. "Modification of an existing custody arrangement is appropriate where the petitioner establishes by a preponderance of the evidence that there has been a change in circumstances and that modification is necessary to ensure the best interests of the children" (Matter of Seacord v Seacord, 81 AD3d 1101, 1103 [2011] [internal quotation marks and citations omitted]). Although the parties' relationship had been acrimonious at the time of the prior order, there was an abundance of evidence that, since such time, the relationship had significantly deteriorated and the existing arrangement had become unworkable as well as a detriment to the children (see Matter of Greene v Robarge, 104 AD3d 1073, 1075

[2013]).  The parties presented sharply divergent versions of events and Family Court found credible the testimony of the mother as well as several witnesses she called, but found the father to lack credibility.  According deference to those credibility determinations (see e.g. Matter of LaRussa v Williams, 114 AD3d at 1055), the record reveals a litany of bizarre and detrimental actions by the father, often directly involving the children and aimed at degrading the mother, hindering her access to the children and undermining her relationship with the children.  The evidence clearly established a change in circumstances and also that modification was in the best interests of the children (see e.g. Matter of Dobies v Brefka, 83 AD3d 1148, 1150-1152 [2011]).

Finally, the father asserts that he has been de facto denied visitation.  Initially, we note that the issue may now be moot in that the order provided for the terms of the father's visitation to be reconsidered after six months.  In any event, the order did not prohibit or condition visitation upon participation in counseling, but rather required that visitation take place under the supervision of a professional (see Matter of Castillo v Luke, 63 AD3d 1222, 1224 [2009]; Matter of Marchand v Nazzaro, 55 AD3d 968, 969 [2008]; Posporelis v Posporelis, 41 AD3d 986, 991-992 [2007]).

Stein, McCarthy, Rose and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court