## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 18, 2015               518484
_____

In the Matter of KATHY RUMPEL
    et al.,
                    Respondents,

          v                          MEMORANDUM AND ORDER

AARON POWELL,
                    Appellant.
_____

Calendar Date:  May 1, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Norbert A. Higgins, Binghamton, for appellant.

        Levene Gouldin & Thompson, LLP, Binghamton (Bruno
Colapietro of counsel), for respondents.

        Marcy L. Cox, Endwell, attorney for the child.

_____

Egan Jr., J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered January 30, 2014, which, among other
things, granted petitioners' application, in a proceeding
pursuant to Family Ct Act article 6, for custody of respondent's
child.

        In December 2012, respondent (hereinafter the father) and
the child's mother, who were in the process of obtaining a
divorce, entered into a stipulation awarding them joint legal
custody of the subject child (born in 2007) with primary physical
custody to the mother and specified periods of visitation to the
father.  Three months later, the mother and a male friend were

found dead at the former marital residence — the apparent victims of a double homicide. Believing the father to be the prime suspect in those killings, petitioners, the child's maternal grandparents (hereinafter the grandparents), moved by order to show cause for custody of the child. Family Court awarded the grandparents temporary custody of the child, and a temporary no-contact order of protection was entered against the father.

The matter proceeded to a hearing in October 2013, at which time counsel for the father indicated that the father consented to an award of custody in favor of the grandparents. Although the father had not filed a petition seeking visitation with the child, Family Court nonetheless allowed the father to present proof relative to that issue. The father, who at the time was incarcerated in the local jail awaiting trial for the murder of the mother and her male friend, did not testify. At the conclusion of the hearing, Family Court awarded the grandparents custody of the child upon consent and, upon due consideration of all of the relevant circumstances, denied the father's informal request for visitation. This appeal by the father ensued.

To the extent that the father challenges the award of custody to the grandparents, we need note only that "no appeal lies from an order entered upon a party's consent" (Matter of Connor CC. [Jennifer DD.], 99 AD3d 1127, 1127 [2012]; see Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [2014]; Matter of DeFrancesco v Mushtare, 77 AD3d 1079, 1080 [2010]; Matter of Verry v Verry, 63 AD3d 1228, 1230 [2009], lv denied 13 NY3d 707 [2009]). Rather, where, as here, a party contends that such consent was coerced or otherwise invalid, the appropriate remedy is to move to vacate the underlying order (see Matter of Connor S. [Joseph S.], 122 AD3d at 1097; Matter of Connor CC. [Jennifer DD.], 99 AD3d at 1127; Matter of DeFrancesco v Mushtare, 77 AD3d at 1080). As nothing in the record suggests that the father moved to vacate the subject order, his challenge to the award of custody to the grandparents is not properly before us, and this portion of the appeal must be dismissed.

With regard to that portion of the father's appeal contesting the denial of his informal request for visitation, it is now moot. At the time of the underlying hearing, the father

enjoyed two well-established presumptions: the presumption of innocence afforded to all criminal defendants and, more to the point, the presumption that – notwithstanding his incarceration – visitation with the subject child was in the child's best interests (see Matter of Kadio v Volino, 126 AD3d 1253, 1254 [2015]; Matter of Lapham v Senecal, 125 AD3d 1210, 1210 [2015]; Matter of Telfer v Pickard, 100 AD3d 1050, 1051 [2012]; Matter of Culver v Culver, 82 AD3d 1296, 1297 [2011], appeal dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011]).  However, the attorney for the child advises this Court – and the father does not dispute – that, during the pendency of this appeal, the father was convicted of one count of murder in the first degree and two counts of murder in the second degree and was sentenced in the aggregate to life in prison without the possibility of parole.[1]

In light of the foregoing, the legal landscape has now changed.  Having been convicted of murdering the child's mother, the father no longer can rely upon, among other things, the presumption in favor of visitation.  Rather, upon the father's conviction, a new presumption arose – one that "reflects a legislative determination that the very act of murder in the first or second degree of a child's parent is so extreme that . . . neither custody nor visitation [with the murdering parent] is appropriate or in that child's best interest" (Matter of Scott JJ., 280 AD2d 4, 9 [2001]).  Although this presumption is rebuttable (see id. at 9), no visitation may be awarded to the father – by Family Court or any other court – unless and until the father pleads and proves the specific elements of Family Ct Act § 1085 and Family Court further concludes that visitation would be in the child's best interests (see Domestic Relations Law § 240 [1-c]; Family Ct Act § 1085 [1], [2]; Matter of Cardozo v Wlasiuk, 23 AD3d 930, 932 [2005], lv denied 6 NY3d 706 [2006]; Matter of Scott JJ., 280 AD2d at 9).

Simply put, in light of the father's documented conviction and the fact that an award of visitation at this time is

---

[1]  The father has since filed a notice of appeal from the judgment of conviction.

statutorily prohibited (see Domestic Relations Law § 240 [1-c]; Family Ct Act § 1085 [2]), and absent any indication that the father has formally sought visitation with his child following such conviction and/or attempted to fit such a request within the narrow confines of Family Ct Act § 1085 (1) (see Matter of Cardozo v Wlasiuk, 23 AD3d at 932), we find that there is no relief to award to the father at this juncture.  Accordingly, that portion of the father's appeal contesting the denial of his informal request for visitation is moot and must be dismissed (cf. Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1315 [2013]; Matter of Young v Espada, 95 AD3d 1478, 1478-1479 [2012]; Matter of Sullivan v Sullivan, 90 AD3d 1172, 1175 [2011]; Matter of Dobrouch v Reed, 61 AD3d 1288, 1289 [2009]).

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court