State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 22, 2016                521200
_____

In the Matter of DOUGLAS A.
    STOPPER,
                        Respondent,

          v                              MEMORANDUM AND ORDER

DANA L. STOPPER,
                        Appellant.

(And Three Other Related Proceedings.)
_____

Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

                    _____

        Diane V. Bruns, Ithaca, for appellant.

        Law Offices of Tina C. Bennett and Beth A. Lockhart,
Canastota (Tina C. Bennett of counsel), for respondent.

        Donna C. Chin, Ithaca, attorney for the children.

                    _____

Mulvey, J.

        Appeal from an order of the Family Court of Tioga County
(Keene, J.), entered May 21, 2015, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the separated parents of two
children born in 2003 and 2004.  In February 2014, Family Court,
upon a prior petition for custody, awarded the mother and father
joint legal custody with primary physical custody to the mother

and specified periods of visitation to the father. Thereafter, in March 2014, the father commenced a modification proceeding seeking, among other things, the transfer of primary physical custody of the children to him. The father also petitioned for enforcement of the existing February 2014 order of custody. The mother subsequently petitioned for modification of the February 2014 order of custody to obtain sole custody of the children and petitioned for immediate changes in visitation. During an ensuing fact-finding hearing on the parties' petitions, the mother and the father entered into a settlement that provided for joint legal custody, primary physical custody of the children to the mother and specified visitation to the father. The terms of the agreement were placed on the record and, upon consent, incorporated into a written order, from which the mother now appeals.

The mother contends that her consent to the settlement agreement and consent order was involuntary and the product of duress and coercion. Inasmuch as the order that the mother challenges was entered upon consent, it cannot be appealed, and the appeal must therefore be dismissed (see Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [2014]; Matter of McDonald v Reed, 68 AD3d 1181, 1181-1182 [2009], lv dismissed 14 NY3d 758 [2010]). Moreover, the mother has failed to move to vacate the order or set aside the stipulation on the grounds that she now avers (see Matter of Zachary M. [Ashley N.], 141 AD3d 771, 771 [2016]; Matter of Rumpel v Powell, 129 AD3d 1344, 1345 [2015]; Matter of Connor S. [Joseph S.], 122 AD3d at 1097). In any event, were the challenged order properly before us, we would find, upon reviewing the record, that the mother knowingly and voluntarily agreed to the consent order and that she was apprised of its terms and implications (see Matter of Connor S. [Joseph S.], 122 AD3d at 1097; Matter of Collins v Brush, 17 AD3d 726, 727-728 [2005]).

McCarthy, J.P., Garry, Rose and Aarons, JJ., concur.

ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court