Peters, P.J.
 

 Appeals (1) from an order of the Supreme Court (Lawliss, J.), entered March 11, 2016 in Essex County, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject children, and (2) from the orders of protection entered therein.
 

 Respondent Rodney P. McCray (hereinafter the father) and respondent Darcy Regan are the parents of two children (born in 2013 and 2015). In December 2015, several petitions were filed, including one by petitioner, the children’s paternal grandmother, seeking custody of the children. During the course of the proceedings, the parties, with the assistance of counsel, consented to a disposition of all pending matters. In accordance with their stipulation, Supreme Court entered an order providing for sole legal and physical custody of the children to the grandmother and supervised visitation to the parents, and orders of protection were issued in favor of the children and the grandmother. The father appeals.
 

 Because the orders from which the father appeals were entered on consent, they are not appealable (see Matter of Stopper v Stopper, 145 AD3d 1329, 1330 [2016]; Matter of Rumpel v Powell, 129 AD3d 1344, 1345 [2015]; Matter of Selena O. [Trisha O.—Steven R.], 84 AD3d 1648, 1648 [2011]). Further, the father’s claim that his consent was not knowing or voluntary is not properly before us, as he failed to make an application in Supreme Court to vacate the underlying orders (see Matter of Stopper v Stopper, 145 AD3d at 1330; Matter of Rumpel v Powell, 129 AD3d at 1345; Matter of DeFrancesco v Mushtare, 77 AD3d 1079, 1080 [2010]). Accordingly, the appeals must be dismissed.
 

 Garry, Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the appeals are dismissed, without costs.