Matter of Rumple v Powell (2018 NY Slip Op 01233)





Matter of Rumple v Powell


2018 NY Slip Op 01233


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

524629

[*1]In the Matter of KATHY RUMPLE et al., Respondents,
v
AARON POWELL, Appellant.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Paul J. Connolly, Delmar, for appellant.
Bruno Colapietro, Binghamton, for respondents.
Palmer J. Pelella, Owego, attorney for the child.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered February 22, 2017, which, in a proceeding pursuant to Family Ct Act article 6, denied respondent's motion to vacate a prior order of custody and visitation.
The facts and procedural history of this matter are more fully set forth in our previous decision in this case (129 AD3d 1344 [2015]). As relevant here, respondent (hereinafter the father) is the parent of the subject child (born in 2007). When this matter was previously before us, we dismissed the father's appeal from Family Court's 2014 order awarding custody of the child to the child's maternal grandparents on the ground that no
appeal lies from an order entered upon a party's consent (id. at 1345). We also found that the portion of the father's appeal contesting the denial of his informal request for visitation was moot based upon the father's conviction for one count of murder in the first degree and two counts of murder in the second degree for killing the child's mother and another individual, and the fact that an award of visitation was statutorily prohibited at that time (id. at 1346; see Domestic Relations Law § 240 [1-c]; Family Ct Act § 1085 [2]). We also noted that, to the extent that the father contended that his consent to Family Court's award of custody to the grandparents was coerced or otherwise invalid, the appropriate remedy was for him to move to vacate the underlying order (id. at 1345).
Subsequently, in November 2016, the father moved pro se to vacate the 2014 custody [*2]and visitation order awarding the grandparents custody of the child on the ground that, among other things, his consent thereto was coerced and/or the product of duress and that he was otherwise denied certain due process rights, thereby denying him the effective assistance counsel. Family Court denied the father's motion, without a hearing, determining, among other things, that there was no evidence in the record to support the father's claim that his consent to the custody order was the product of coercion and/or duress and further denied his request for visitation as moot. The father appeals.
We find without merit the father's contention that his consent to Family Court's order awarding the grandparents custody of the child was invalid inasmuch as it was the product of coercion and/or duress. A review of the record establishes that the father was represented by counsel in the underlying proceeding, was present in court and, upon Family Court's inquiry with regard to whether the father consented to the grandparents' application for custody of the child, the father consulted with his counsel, who thereafter affirmatively represented to the court that the father so consented. The father raised no objection to his counsel's representation in this regard and no other objections to the proposed custody arrangement were made at that time. Accordingly, we find that the father's consent to the custody order was knowingly and voluntarily obtained (see Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [2014]; Matter of Gabriella R. [Mindyn S.], 68 AD3d 1487, 1488 [2009], lv dismissed 14 NY3d 812 [2010]). Nor do we find any support in the record for the father's claim that he was denied the effective assistance of counsel (see Matter of Tracey L. v Corey M., 151 AD3d 1209, 1212 [2017]; Matter of Robinson v Bick, 123 AD3d 1242, 1242-1243 [2014]).
Turning to the issue of visitation, we note that the father's murder convictions — which previously served as a statutory prohibition to an award of visitation (129 AD3d at 1345-1346; see Domestic Relations Law § 240 [1-c]; Family Ct Act § 1085 [1], [2]) — have since been overturned by this Court and a new trial ordered (People v Powell, 153 AD3d 1034, 1034 [2017]). The legal landscape in this matter, therefore, has once again changed. Notwithstanding, there is no dispute that the father was convicted of first and second degree murder at the time that Family Court denied his motion to vacate the underlying custody and visitation order and, inasmuch as there is nothing in the record indicating that the father thereafter moved to reargue Family Court's denial of his motion to vacate on the ground that his murder convictions were subsequently overturned, there is presently no visitation petition before us upon which to grant the relief requested. The appropriate remedy under these circumstances is for the father, if he so wishes, to file a new petition seeking visitation with the child, upon which Family Court can then determine whether any such visitation would be in the best interests of the child (cf. Matter of Randy K. v Evelyn ZZ., 263 AD2d 624, 625 [1999]). As there is nothing in the record suggesting that the father has commenced a new visitation proceeding, he is not presently entitled to a hearing on that issue. To the extent not expressly addressed, the father's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., McCarthy, Lynch and Pritzker, JJ., concur.
ORDERED that order is affirmed, without costs.