Matter of Pointer v Hardenbergh (2018 NY Slip Op 04054)





Matter of Pointer v Hardenbergh


2018 NY Slip Op 04054


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525087

[*1]In the Matter of HARRY POINTER, Petitioner,
v
KIM HARDENBERGH, Appellant. (And Another Related Proceeding.)

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Ivy M. Schildkraut, Monticello, for appellant.
Marcia Heller, Rock Hill, attorney for the children.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an amended order of the Family Court of Sullivan County (Meddaugh, J.), entered May 2, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation, and issued an order of protection.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2003 and 2008). In February 2014, an order was entered granting the mother sole legal custody of the younger child. In October 2016, the father filed two petitions, one seeking custody of the younger child and the other seeking custody or visitation with the older child. In October 2016, during an appearance, Family
Court sua sponte issued a temporary order of protection directing the mother to prevent her husband — a level three sex offender — from having any contact with the children. On March 31, 2017, the parties consented to a custodial award granting the father parenting time without objecting to a permanent order of protection prohibiting contact between the mother's husband and the children until the younger child turns 18. Both parties were represented by counsel. The mother appeals.
The only issue presented on this appeal is whether Family Court had the authority to issue the order of protection in the absence of a specific request by the father. Though the record confirms that the mother and her husband initially questioned the need for the order of the [*2]protection, it also confirms — and she concedes in her brief — that she consented to both the custodial order and the order of protection, albeit "reluctantly." Because a party may not appeal an order entered upon consent, the appeal must be dismissed (see Matter of Stopper v Stopper, 145 AD3d 1329, 1330 [2016]). Were the challenged order properly before us, it is well-settled that Family Court has the authority to sua sponte issue orders of protection to require a party "to refrain from acts of commission or omission that create an unreasonable risk to the health, safety or welfare of a child" or "to observe such other conditions as are necessary to further the purposes of protection" (Family Ct Act § 656 [e], [k]; see Matter of Melody M. v Robert M., 103 AD3d 932, 934 [2013], lv denied 21 NY3d 859 [2013]; Matter of Mongiardo v Mongiardo, 232 AD2d 741, 744 [1996]). The undisputed record evidence that the mother's husband is a level three sex offender provided ample justification for the court's determination to issue an order of protection here.
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.