Matter of Warren v Warren (2018 NY Slip Op 08217)





Matter of Warren v Warren


2018 NY Slip Op 08217


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

525480

[*1]In the Matter of NIKKI M. WARREN, Petitioner,
v
JOSH T. WARREN, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Monique B. McBride, Albany, for appellant.
Palmer J. Pelella, Owego, attorney for the child.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Family Court of Broome County (Miller, J.), entered May 23, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2012). Pursuant to a June 2014 order, entered "without prejudice to the mother and not on the merits," the mother and the father had joint legal custody of the child, with the father having primary physical custody of the child and the mother having parenting time "as agreed between the parties." In November 2016, the mother commenced this modification proceeding alleging that the parties had been unable to agree on her parenting time and seeking a liberal parenting time schedule that included overnights. After Family Court heard one day of testimony at a fact-finding hearing, the parties reached an agreement, which was placed on the record following assurances from both the mother and the father that they were voluntarily entering into that agreement. In accordance with their stipulation, Family Court entered an order which, among other things, continued joint legal custody, with the father having primary physical custody of the child, and granted the mother parenting time with the child for four hours on Saturdays during the school year and Wednesdays during the child's summer break [FN1]. The father now appeals.
The father argues that Family Court should have dismissed the mother's modification petition for failure to allege the required change in circumstances, that it was not in the child's best interests for the mother to have expanded and unsupervised parenting time and that Family Court was biased against him. However, the father's appeal must be dismissed, as no appeal lies [*2]from an order entered upon consent (see CPLR 5511; Matter of Mitchell v Regan, 156 AD3d 1147, 1147 [2017]; Matter of Sterling v Dyal, 52 AD3d 894, 895 [2008]; Matter of Collins v Brush, 17 AD3d 726, 727 [2005]; Matter of Forbus v Stolfi, 300 AD2d 852, 852 [2002], lv dismissed 99 NY2d 642 [2003]). To the extent that the father's claim of judicial bias implicates the voluntariness of the underlying stipulation, the father did not move to vacate the consent order and, in any event, his claim finds no basis in the record (see Matter of Rumpel v Powell, 129 AD3d 1344, 1345 [2015]; Matter of DeFrancesco v Mushtare, 77 AD3d 1079, 1080 [2010]).
McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: Family Court's order also stated, in accordance with the parties' agreement, that three months after its entry either the mother or the father could seek a modification of the order without demonstrating a change in circumstances.