Matter of Pajek v Feketi (2019 NY Slip Op 02208)





Matter of Pajek v Feketi


2019 NY Slip Op 02208


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


58 CAF 17-01823

[*1]IN THE MATTER OF ANDREW T. PAJEK, PETITIONER-APPELLANT,
v
STEPHEN FEKETI AND EMILY KATHERINE IRELAND, NOW KNOWN AS EMILY KATHERINE VALCIN, RESPONDENTS-RESPONDENTS. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CHELSEA L. PALMISANO OF COUNSEL), FOR PETITIONER-APPELLANT.
STEPHEN FEKETI, RESPONDENT-RESPONDENT PRO SE. 
EMILY KATHERINE IRELAND, NOW KNOWN AS EMILY KATHERINE VALCIN, RESPONDENT-RESPONDENT PRO SE.


 Appeal from an order of the Family Court, Monroe County (James E. Walsh, Jr., J.), entered September 25, 2017 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order granting the motion of respondents, the custodians of the subject children, for dismissal of the father's petition seeking visitation with the children. We reject the father's contention that Family Court erred in granting the motion without conducting a hearing (see Matter of Piwowar v Glosek, 53 AD3d 1121, 1122 [4th Dept 2008]; see generally Matter of Russo v Russo, 282 AD2d 610, 610 [2d Dept 2001]). The court is "not required to conduct an evidentiary hearing where . . . it is clear from the record that the court possesse[s] sufficient information to render an informed determination that [is] consistent with the child[ren's] best interests' " (Matter of Bogdan v Bogdan, 291 AD2d 909, 909 [4th Dept 2002]; see Matter of Lynda D. v Stacy C., 37 AD3d 1151, 1151 [4th Dept 2007]; Matter of Oliver S. v Chemung County Dept. of Social Servs., 162 AD2d 820, 821-822 [3d Dept 1990]). At the time the petition was filed, the father was incarcerated based upon his conviction of murder in the second degree for killing the mother of the subject children. Family Court Act § 1085 and Domestic Relations Law § 240 (1-c) provide for "the rare but unthinkable scenario whereby one parent intentionally murders another yet seeks custody or visitation of the children left behind to deal with their double tragedy" (Matter of Scott JJ., 280 AD2d 4, 9 [3d Dept 2001]; see Matter of Rumpel v Powell, 129 AD3d 1344, 1346 [3d Dept 2015]). Under those statutes, there is a presumption that neither custody nor visitation with the murdering parent is appropriate or in the children's best interests (see Rumpel, 129 AD3d at 1346; Scott JJ., 280 AD2d at 9). Although the presumption is rebuttable, the statutes prevent a court from making an award of custody or visitation to the murdering parent except under certain narrow circumstances, in addition to which "the court must still make an additional finding that visitation or custody is in the child[ren's] best interest[s]" (Scott JJ., 280 AD2d at 9; see Rumpel, 129 AD3d at 1346). Inasmuch as the father failed to set forth allegations rebutting the presumption that visitation is not in the children's best interests, we conclude that the court properly dismissed the petition.
In light of the foregoing, we conclude that there is no merit to the father's further [*2]contention that the court abused its discretion in failing to appoint an attorney for the children to assess whether the children would assent to visitation (see generally Matter of Farnham v Farnham, 252 AD2d 675, 677 [3d Dept 1998]).
Entered: March 22, 2019Mark W. Bennett
Clerk of the Court