Matter of Sue S. v Courtney T. (2019 NY Slip Op 08459)





Matter of Sue S. v Courtney T.


2019 NY Slip Op 08459


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

526455

[*1]In the Matter of Sue S., Petitioner,
v
Courtney T., Appellant, et al., Respondent.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Reginald H. Bedell, Willsboro, attorney for the child.



Devine, J.
Appeal from an amended order of the Family Court of St. Lawrence County (Richey, J.), entered February 27, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the subject child.
Respondent Courtney T. (hereinafter the mother) and respondent Michael D. (hereinafter the father) are the parents of a child (born in 2012) who is in the mother's care. Petitioner (hereinafter the grandmother) is the child's maternal grandmother. The grandmother filed a petition seeking visitation with the child, alleging that the mother had cut off what had been significant visitation. At the outset of the ensuing hearing, the parties entered into a stipulation that granted specified visitation to the grandmother. They disagreed on how to exchange the child for that visitation. Family Court heard testimony on that point, then issued an amended order that implemented the terms of the stipulation and directed that the visitation exchanges occur at the residence of the mother and her husband, with the child walking to and from the grandmother's car and the mother or her designee present as a facilitator. The mother appeals.
We affirm. To the extent that the mother seeks to set aside the stipulation due to a unilateral mistake of fact as to whether Family Court could alter the exchange times set forth in it, she failed to raise that issue before Family Court and, therefore, it is not properly before us (see Matter of Mitchell v Regan, 156 AD3d 1147, 1147 [2017]; Heuer v Heuer, 129 AD2d 961, 961 [1987]). In any event, both the terms of the stipulation and the narrow focus of the hearing were placed on the record, after which the mother stated that the terms of the stipulation were acceptable, and a unilateral mistake as to those terms would not, without more, be sufficient to set aside the stipulation (see Matter of Monaco v Armer, 93 AD3d 1089, 1090 [2012], lv denied 19 NY3d 807 [2012]; Matter of McCartha v Williams, 3 AD3d 750, 750-751 [2004]). We accordingly turn to the only issue that is properly before us and consider "whether there is a sound and substantial basis in the record for the exchange arrangements ordered by Family Court" (Matter of Lundgren v Jaeger, 162 AD3d 1427, 1429 [2018]; see Matter of Kathleen LL. v Christopher I., 135 AD3d 1084, 1085 [2016]).
In that regard, Family Court heard testimony from the grandmother, the mother and the mother's husband. The testimony reflected that the mother could not be present for some of the agreed-upon exchanges and that her husband, although able to substitute, did not want to interact with the grandmother due to their poor relationship. The husband and the grandmother were able to be civil to one another, however, and their encounters in the year prior to the hearing had not led to any issues. The grandmother and the husband also had no reason to speak during the exchanges, which amounted to letting the school-age child walk on the driveway between the mother's front door and the grandmother's car. Family Court accurately characterized the parties' dispute as "ridiculous" under these circumstances and, deferring to its factual findings, we find a sound and substantial basis in the record for the exchange arrangements set forth in its order (see e.g. Matter of Layton v Grace, 129 AD3d 1147, 1150 [2015]; Matter of Wendy Q. v Richard Q., 36 AD3d 1000, 1001 [2007]).
Egan Jr., J.P., Clark and Mulvey, JJ., concur.
ORDERED that the amended order is affirmed, without costs.