Matter of Frank CC. (Cecilia BB.) (2020 NY Slip Op 02132)





Matter of Frank CC. (Cecilia BB.)


2020 NY Slip Op 02132


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

527028

[*1]In the Matter of Frank CC., Respondent, Cecilia BB., Appellant. (And Two Other Related Proceedings.)

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ. 


Noreen McCarthy, Keene Valley, for appellant.
Jeffrey E. McMorris, Glens Falls, for respondent.
Eleanor K. Mullaney, Saratoga Springs, attorney for the children.



Egan Jr., J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered May 25, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2001 and 2004). In 2009, Family Court (Pritzker, J.) awarded the parties joint legal custody with primary physical custody to the mother. In July 2017, the father filed a petition seeking to modify the 2009 custody order to award him primary physical custody of the children, alleging that the children had been physically abused while in the mother's custody. The mother thereafter filed an enforcement petition, alleging that the father violated the 2009 custody order by failing to return the children to the mother following a two week visit at the father's residence. In August 2017, the mother filed a modification petition seeking to modify the 2009 order to provide only supervised parenting time for the father.
Following the September 2017 initial appearance on the petitions, Family Court (Michelini, J.) issued a temporary custody order, awarding the parties joint legal custody of the children, with the mother having primary physical custody of the younger child and the father having primary physical custody of the older child. A fact-finding hearing ensued on all three petitions; however, following the first day of the hearing, the parties entered into a stipulated agreement on the record, which Family Court subsequently incorporated in its entirety into its May 2018 custody order. The stipulation granted the parents joint legal custody of the children, with primary physical custody of the younger child to the mother and primary physical custody of the older child to the father. The stipulation also granted the father parenting time with the younger child on alternate weekends, provided for the mother to engage in family counseling with the older child and set forth a parenting schedule for the holidays. The mother appeals.
The mother contends that Family Court's May 2018 custody order must be vacated, and the matter remitted for a new hearing before a different judge, as Family Court's evidentiary rulings and the lack of zealous advocacy by the attorney for the children denied her a fair hearing. Insofar as the May 2018 order was entered upon the stipulation and consent of the parties, it cannot be appealed and, therefore, the appeal must be dismissed (see Matter of Pointer v Hardenbergh, 162 AD3d 1159, 1159 [2018]; Matter of Stopper v Stopper, 145 AD3d 1329, 1330 [2016]). To the extent that the mother claims that she did not knowingly and voluntarily consent to the order, said claim must be raised in the context of a motion to vacate the underlying consent order (see Matter of Amy TT. v Ryan UU., 176 AD3d 1426, 1428 [2019]; Matter of Zachary M. [Ashley N.], 141 AD3d 771, 771-772 [2016]). In any event, during the pendency of this appeal, Family Court issued an order in September 2019 granting the father sole legal and physical custody of the children, with parenting time to the mother as she and the children agree. Accordingly, as the September 2019 order addressed the custody issues presently being challenged by the mother, the appeal has been rendered moot and must be dismissed (see Matter of Charles JJ. v Andrea JJ., 174 AD3d 1078, 1079 [2019]; Matter of Ramon U. v Nicia V., 162 AD3d 1252, 1252 [2018]).
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, without costs.