Matter of Lynne F. v Thomas G. (2021 NY Slip Op 05745)





Matter of Lynne F. v Thomas G.


2021 NY Slip Op 05745


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

528268
[*1]In the Matter of Lynne F., Respondent,
v
Thomas G., Appellant.

Calendar Date:September 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Paul J. Connolly, Delmar, for appellant.
Craig S. Leeds, Albany, for respondent.
Christopher J. Obstarczyk, Latham, attorney for the child.



Colangelo, J.
Appeal from an amended order of the Family Court of Albany County (Kushner, J.), entered December 3, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2004). On August 17, 2018, the mother filed a family offense petition alleging that the father slammed the rear of her vehicle with his body, screamed obscenities at her and threatened to come to her house as she was driving away from a Stewart's convenience store with the child in her car. The mother had taken the child to Stewart's to get ice cream with the father, but when they arrived, the father refused to go into the store and tried to get them to go to the wooded area behind the store. During the initial ex parte appearance on the petition, the mother advised Family Court that, earlier in the day, she returned home and believed that the father had been on her property because there were "no parking" signs taped to her banister and tire tracks dug into her lawn.
Family Court issued a temporary order of protection in favor of the mother. On August 22, 2018, the court issued a second temporary order of protection directing that the father stay away and refrain from contacting the mother and the child and suspended the father's parenting time with the child. On October 16, 2018, the father appeared in court with assigned counsel who moved, successfully, to be relieved of that assignment. On December 3, 2018, the father, who indicated a continued desire to represent himself and who rejected the court's offer to assign new counsel to represent him, consented to a resolution of the petition, which entailed, among other things, the entry of a one-year order of protection in favor of the mother without an admission or a finding of wrongdoing. The father appeals.
The father's appeal must be dismissed as "orders issued upon consent are not appealable" (Matter of Adam O. v Tracie P., 188 AD3d 1312, 1313 [2020] [internal quotation marks and citation omitted]). To the extent that the father claims that his consent was involuntary, such claim must be raised and addressed in Family Court in the context of a motion to vacate the underlying consent order (see Matter of Frank CC. v Cecilia BB., 182 AD3d 642, 643 [2020]; Matter of Amy TT. v Ryan UU., 176 AD3d 1426, 1428 [2019]).
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.