Matter of Truesdell v Decker (2024 NY Slip Op 03209)

Matter of Truesdell v Decker

2024 NY Slip Op 03209

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-22-2072
[*1]In the Matter of Kristi L. Truesdell, Appellant,
v
Nancy L. Decker, Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of Nancy L. Decker, Respondent,
v
Kristi L. Truesdell, Appellant. (Proceeding No. 3.)
In the Matter of Donald E. Decker, Respondent,
v
Kristi L. Truesdell, Appellant. (Proceeding No. 4.)

Calendar Date:April 22, 2024

Before:Garry, P.J., Clark, Ceresia, Fisher and Powers, JJ.

Veronica Reed, Schenectady, for appellant, and appellant pro se.
Hug Law PLLC, Albany (Matthew C. Hug of counsel), for respondents.

Garry, P.J.
Appeals (1) from an order of the Family Court of Warren County (Paulette M. Kershko, J.), entered April 28, 2022, which, in proceedings Nos. 3 and 4 pursuant to Family Ct Act article 8, dismissed the petitions, (2) from an order of said court, entered July 27, 2022, which, in proceedings Nos. 3 and 4 pursuant to Family Ct Act article 8, granted respondent's motion to, among other things, permit her motions to be heard upon submission, (3) from an order of said court, entered July 27, 2022, which, in proceedings Nos. 3 and 4 pursuant to Family Ct Act article 8, denied respondent's motion to, among other things, modify a prior order, and (4) from an order of said court, entered July 27, 2022, which, in proceedings Nos. 1 and 2 pursuant to Family Ct Act article 8, denied petitioner's motion to, among other things, vacate prior orders.
Kristi L. Truesdell (hereinafter the daughter) is the adult daughter of Nancy L. Decker (hereinafter the mother) and Donald E. Decker (hereinafter the father; hereinafter collectively referred to as the parents). In September 2020, the parents agreed to permit the daughter to park her recreational vehicle (hereinafter RV) on their property in the Town of Thurman, Warren County, for a couple of months so that she could make necessary repairs. The daughter continued to live on the property past the agreed time period, and as time progressed the interactions between the daughter and the parents became increasingly contentious. In 2021, the daughter filed two family offense petitions — one against each parent — asserting that they had committed second degree harassment, "hurt" her and threatened to destroy her property; among other allegations, she argued that the parents had refused to give her a key to their home and threatened to have her RV towed. Following an ex parte appearance, Family Court (Wilson, J.) granted the daughter a limited order of protection against the parents.
Thereafter, each of the parents filed a family offense petition against the daughter, alleging that she committed second degree harassment, criminal mischief, menacing and stalking, and Family Court issued a temporary order of protection on behalf of the parents. The daughter failed to appear at the ensuing fact-finding hearing on all four petitions, despite the fact that she had been permitted to participate virtually. As a result, the court dismissed the daughter's petitions and the previously-issued order of protection against the parents, with prejudice. The parents subsequently testified as to their own petitions. The court granted those applications and issued a two-year order of protection against the daughter. The daughter thereafter moved for assigned counsel and disability accommodations, and also sought to vacate the orders entered upon her default.
Family Court (Kershko, J.) later held an appearance, at which the daughter was represented by assigned counsel. During the course of this appearance, the parties consented to the court restoring [*2]all four petitions and vacating the prior orders of protection, as well as the ultimate withdrawal of both sets of petitions. The court thereafter issued an order in April 2022 dismissing the parents' petitions without prejudice. The daughter then moved pro se to, among other things, modify the April 2022 order to reflect the dismissal of the parents' petitions with prejudice, vacate that part of the order dismissing her petitions upon consent and reinstating same, terminate her assigned counsel, and have her motions heard upon submission. In three separate orders entered on July 27, 2022, the court granted the daughter's motion to be heard upon submission, but ultimately denied her motions to vacate in part and modify the April 2022 order. The daughter appeals from the April 2022 order and the three July 2022 orders.
Initially, the daughter's appeal from the April 2022 order must be dismissed, as it was entered upon her consent (see Matter of Lynne F. v Thomas G., 198 AD3d 1112, 1113 [3d Dept 2021], lv dismissed 38 NY3d 942 [2022]; Matter of Frank CC. v Cecilia BB., 182 AD3d 642, 643 [3d Dept 2020]). Her appeal from the July 2022 order granting her motion to be heard upon submission must likewise be dismissed, as she received the relief sought and is not an aggrieved party (see CPLR 5511; Matter of Jennie EE., 210 AD2d 744, 745 [3d Dept 1994]). Further, the daughter's appellate counsel abandoned any issue with respect to those two orders, as well as the July 2022 order denying her motion to vacate that part of the August 2022 order dismissing her petitions against the parents and to reinstate same (see Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587 n 1 [3d Dept 2023]; Matter of Joshua PP. v Danielle PP., 205 AD3d 1153, 1160 [3d Dept 2022], lv denied 39 NY3d 901 [2022]).[FN1] Accordingly, the sole appeal properly before us is the daughter's challenge to the July 2022 order denying her motion to modify the April 2022 order.
The daughter contends that Family Court erred in denying her motion to modify the April 2022 order to reflect that the dismissal of the parents' petitions was with prejudice, arguing that the underlying dispute involved issues relating to property — such that they were more properly viewed as "property and equity" proceedings — and, thus, that Family Court lacked subject matter jurisdiction. Pursuant to CPLR 5015, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . lack of jurisdiction to render the judgment or order" (CPLR 5015 [a] [4]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Matter of Braunstein, 194 AD3d 1165, 1166 [3d Dept 2021] [internal quotation marks and citations omitted]). Here, although much of the parties' discord stemmed from [*3]the daughter's continued placement of her RV on the parents' property, the parents asserted multiple claims of harassment, criminal mischief, menacing and stalking against the daughter that included allegations of serious threats and invasions of their privacy. As "Family Court has jurisdiction over any proceeding concerning family offenses arising from incidents between members of the same family or household," the court possessed subject matter jurisdiction to determine the parents' family offense claims against the daughter (Matter of Christina R. v James Q., 185 AD3d 1240, 1240 [3d Dept 2020]; see Family Ct Act § 812 [1]; Matter of Lisa T. v King E.T., 30 NY3d 548, 551 [2017]). Notably, the court expressly declined to address issues relating to the parties' property several times throughout the proceedings. Accordingly, the denial of the daughter's motion seeking relief pursuant to CPLR 5015 (a) (4) was proper (see CPLR 5015 [a] [4]; Family Ct Act § 812 [1]; Matter of CCAP Auto Lease Ltd. v Savannah Car Care, Inc., 211 AD3d 1210, 1211-1212 [3d Dept 2022]; People ex rel. Van Steenburg v Wasser, 69 AD3d 1135, 1136 [3d Dept 2010], lv dismissed & denied 14 NY3d 883 [2010]).
Clark, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the appeal from the order entered April 28, 2022 is dismissed, without costs.
ORDERED that the appeal from the order entered July 27, 2022 granting respondent's motion in proceedings 3 and 4 to be heard upon submission is dismissed, without costs.
ORDERED that the order entered July 27, 2022 denying petitioner's motion in proceedings Nos. 1 and 2 to vacate in part the April 28, 2022 order is affirmed, without costs.
ORDERED that the order entered July 27, 2022 denying respondent's motion in proceedings Nos. 3 and 4 to modify the April 28, 2022 order is affirmed, without costs.

Footnotes

Footnote 1: By permission of this Court, the daughter submitted a pro se supplemental appellate brief in which she most strongly asserts that her appeals related to her petitions against the parents have been abandoned.