Matter of James EE. v Vanessa EE.
2026 NY Slip Op 03483
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of James EE., Appellant,
v
Vanessa EE., Respondent. (Proceeding No. 1.)
In the Matter of Vanessa EE., Respondent,
v
James EE., Appellant. (Proceeding No. 2.) (And Three Other Related Proceedings.)

Decided and Entered:June 4, 2026
CV-24-1462
Calendar Date: April 28, 2026
Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

Christopher Hammond, Cooperstown, for appellant.
Jonathan L. Becker, Cooperstown, for respondent.
Bradley J. Rooke, Broadalbin, attorney for the children.

[*1]
Clark, J.
Appeal from an amended order of the Family Court of Otsego County (John Lambert, J.), entered August 28, 2024, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order of custody and visitation.
James EE. (hereinafter the father) and Vanessa EE. (hereinafter the mother) are the parents of two children (born in 2016 and 2018). In 2022, the mother was awarded sole legal and residential custody of the children, with the father having a set schedule of parenting time on alternate weekends. The 2022 custody order was affirmed by this Court upon the father's appeal (see Matter of James EE. v Vanessa EE., 228 AD3d 1025 [3d Dept 2024]).
In July 2023, while the father's appeal was still pending, he filed a petition pursuant to Family Ct Act article 6 seeking to modify the 2022 custody order by awarding him joint legal custody and unrestricted access to the children's school and medical records. The next month, the mother moved by order to show cause to enforce the 2022 custody order, asserting that the father had violated the order by "behav[ing] . . . as if he continues to have legal custody of the [c]hildren," including by attending the children's doctor's appointments without her consent, arguing with her at such appointments, refusing to use the prescription diapers she had secured for the parties' younger child, who is severely autistic, and attempting to obtain a prescription for a different type of diaper directly from the child's pediatrician. The mother also alleged that the father had attempted to interfere with her educational choices pertaining to the younger child and had filed a false Child Protective Services (hereinafter CPS) report against her.
In September 2023, the father filed his own violation petition against the mother, alleging, among other things, that she had deprived him of his parenting time in December 2022, was late to drop the children off for his parenting time or otherwise picked them up too early on certain occasions, denied him telephone communication with the children and provided him with additional parenting time, without adequate notice, on days that she was scheduled to have the children.
Following procedural history not relevant here, in January 2024, the mother again moved to enforce the 2022 order, alleging that the father was refusing to return the children to her care following his parenting time, had made frivolous calls to CPS and had withheld medical care for the children. Thereafter, in April 2024, the mother moved by order to show cause to enforce a December 2023 temporary custody order that had directed the father to refrain from certain conduct. That same month, Family Court also issued orders of protection against the father that, as relevant here, precluded the father from having contact with the children except when exercising his parenting time (hereinafter the April 2024 orders of protection[*2]).
In an amended August 2024 order issued after a fact-finding hearing, Family Court, as relevant here, (1) dismissed the father's modification and violation petitions; (2) continued the custody and parenting time arrangement then in existence, which was in all meaningful respects the same as the award set forth in the 2022 order; (3) granted the mother's various violation applications seeking enforcement of the 2022 custody order and the 2023 temporary order; (4) found that the father had willfully failed to follow the provisions of the 2022 order; (5) ordered that the father have no contact with the children's educational and healthcare providers; and (6) directed the father to "stay away" from the mother and the children "except during his scheduled parenting time." In connection with such order, the court also issued orders of protection precluding the father from having contact with the children during the mother's custodial time. The father appeals from the August 2024 amended order.
Initially, we agree with the mother that several of the issues raised by the father on appeal have been rendered moot by subsequent proceedings in Family Court.FN1 In that regard, following entry of the order on appeal, Family Court held a fact-finding hearing on various modification, violation and family offense petitions filed by the mother. Thereafter, in August 2025, Family Court issued an order that, as relevant here, (1) continued the custodial award set forth in the 2022 order; (2) granted the father parenting time "on the second and fourth weekends of each month"; (3) directed the father to refrain from contacting the children's medical and educational providers but granted him the right to "independently obtain the children's medical and school records"; and (4) directed him to "stay away from [the mother] and the children except during his scheduled parenting time." The 2025 order also stated that "the previous [2024] order shall remain in full force and effect, except asmodified." Family Court also issued amended orders of protection, entered in February 2025, that, as relevant here, prohibit the father from having contact with the children except for when he is exercising his parenting time. The father filed a notice of appeal from the August 2025 order, which has not yet been perfected. Thereafter, in February 2026, Family Court issued an amended decision and order that changed certain parts of the analysis section of the August 2025 order, but otherwise rendered the same relief as set forth in the August 2025 order, including directing the father to stay away from the children except for during his parenting time and providing him with independent access to the children's medical and educational records. The father filed a notice of appeal from the February 2026 amended order and this Court granted his motion to consolidate the appeals from that order, the August 2025 order, and a separate order, issued in January 2026, that revoked a suspended judgment [*3]issued against him on a violation petition and remanded him to jail.FN2
On the instant appeal, the father challenges so much of the August 2024 amended order as "provided no means by which [he] might access important health and educational information about the children." However, both the August 2025 order and the February 2026 amended order modified the August 2024 order to provide the father with independent access to the children's medical and school records, rendering his argument in this regard moot (see Matter of Joshua J. [Tameka J.], 44 NY3d 394, 401 [2025]; Matter of Frank CC. v Cecilia BB., 182 AD3d 642, 643 [3d Dept 2020]; Matter of Audra Z. v Lina Y., 135 AD3d 1197, 1198 [3d Dept 2016]). The father also challenges so much of Family Court's August 2024 amended order as precludes him from having telephone contact with the children while they are in the mother's care. The father's argument that Family Court abused its discretion in this regard is similarly moot since the August 2025 order and the February 2026 amended order both contain provisions directing him to "stay away from" the children except during his scheduled parenting time and Family Court issued amended orders of protection that expressly preclude him from having any contact with the children during the mother's custodial time. In other words, even if the father were successful in challenging the August 2024 order on this ground, complete relief could not be accorded in the context of this appeal since subsequent orders, which are not the subject of this appeal, contain the same prohibition (see Matter of Frank CC. v Cecilia BB., 182 AD3d at 643; see also Matter of Josua J. [Tameka J.], 44 NY3d at 401).FN3
However, the father's challenge to so much of the August 2024 amended order as dismissed his violation petition relating to the 2022 custody order is not moot, as a reversal on that issue would affect the father's rights and neither the August 2025 order nor the February 2026 amended order address this issue. Nevertheless, we conclude that Family Court did not err in dismissing the father's violation petition. To that end, the proponent of a violation petition "must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed that order, and that this conduct prejudiced the opposing party's rights" (Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1202-1203 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Jahari BB. v Zada CC., 232 AD3d 1142, 1146-1147 [3d Dept 2024]). Family Court's determination on a Family Ct Act article 6 violation petition "will not be disturbed absent an abuse of discretion" (Matter of David ZZ. v Amanda YY., 244 AD3d 1357, 1358 [3d Dept 2025]).
During the fact-finding hearing, the father testified that the mother had violated the 2022 order by "either dropp[ing] off the [children] early [for his parenting time[*4]], pick[ing] [them up] early, [or] dropp[ing] them off late." He further testified, among other things, that the mother did not provide him with sufficient notice when she sought to modify the parenting time schedule to provide him with additional time with the children and violated the 2022 order by failing to allow him to exercise his parenting time on one occasion in December 2022 when the older child had tested positive for COVID-19. Notably, however, he also faulted the mother for dropping the children off for his parenting time when one of them had respiratory syncytial virus and another time when one of the children had COVID-19 again in the spring of 2023. The mother, for her part, refuted the father's testimony in this regard, maintaining that there was only one time that she picked one of the children up early and it was because he was sick. She testified that she never deprived the father of his parenting time. On this record, Family Court did not abuse its discretion in dismissing the father's violation petition insofar as his testimony, even taken at face value, did not establish a violation of the order in a manner that prejudiced his rights (see Matter of Tina X. v Thomas Y., 233 AD3d 1272, 1275 [3d Dept 2024]; Matter of Nelson UU. v Carmen VV., 202 AD3d 1414, 1416 [3d Dept 2022]).
As for the dismissal of the father's modification petition, the father does not make any specific argument challenging Family Court's denial of his request for joint legal custody, rendering any such argument abandoned. The father's remaining contentions, to the extent not expressly addressed, have been considered and found to be lacking in merit.
Garry, P.J., Fisher, Mackey and Ryba, JJ., concur.
ORDERED that the amended order is affirmed, without costs.

Footnotes

Footnote 1
In September 2025, this Court denied the mother's motion to dismiss the appeal as moot "without prejudice to the issues involved being raised upon the argument of the appeal" (2025 NY Slip Op 77449[U] [3d Dept 2025]). The attorney for the children (hereinafter the AFC) submitted his brief before the mother filed her motion to dismiss the appeal on mootness grounds and does not comment on the mootness issue. The AFC takes the position that the August 2024 amended order should be affirmed except to the extent that it limited the father's telephone contact with the children while they are in the mother's care.

Footnote 2
A Justice of this Court stayed the January 2026 order pending the father's appeal (2026 NY Slip Op 65197[U] [3d Dept 2026]).

Footnote 3
The father also makes a cursory argument in his appellate brief seeking vacatur of the "orders of protection" issued against him without clarifying whether he is referring to the orders of protection entered in April 2024 or the amended orders of protection entered in 2025. To the extent the father seeks vacatur of the orders of protection entered in April 2024, those orders have been superseded by amended orders entered in February 2025. Thus, his request for vacatur of the original orders of protection entered in April 2024 is moot (compare Matter of Smith v Morrison, 196 AD3d 772, 773 n [3d Dept 2021]). As for the amended orders of protection entered in 2025, those orders are not properly before this Court on the instant appeal (see generally Matter of Tina X. v Thomas Y., 233 AD3d 1272, 1277 n 3 [3d Dept 2024]).